**W. J. McCAHAN SUGAR REFINING & MO-LASSES CO. et al. v. NORTON, Deputy Commissioner, etc., et al.**

District Court, E. D. Pennsylvania. April 16, 22, 1929.

No. 4865.

Louis Wagner, of Philadelphia, Pa., for plaintiff.

George W. Coles, U. S. Atty., of Philadelphia, Pa., for defendant.

Mortimer W. H. Cox, of Philadelphia, Pa., for claimants.

Sur Trial Hearing on Pleadings and Proofs.

DICKINSON, District Judge. This is a proceeding to review the findings of the deputy commissioner, made under the provisions of the Act of Congress approved March 4, 1927 (44 Stat. 1424 [33 USCA § 901 et seq.]). Under the provisions of the act the order of the commissioner "may be suspended or set aside, in whole or in part, through injunction proceedings," if the proceedings are found to be "not in accordance with law." Section 21 (33 USCA § 921). The act of Congress follows out the very laudable expansion of the common-law right to recover

for what is known in common parlance as "personal injuries," by giving what is really a new cause of action, based, not upon a finding of negligence, but of injury, and enlarging the compensation from that of the maintenance and cure of the maritime law to compensation for some of the loss suffered. Compensation cannot be awarded without a fact inquiry, and all such laws make provision for a fact finding, with recourse to the courts if any award made has not the support of the law. Another thought in all compensation laws is that of expedition. The burden of proof is in consequence regulated by section 20 (33 USCA § 920), so that the inquiry may go directly to the core of whatever controversy may be raised.

The issues raised in the instant case are the closely akin ones of (1) the fact "of an accidental injury at and in the course of the employment"; (2) the fact of the "alleged accidental injury" having arisen "out of and in the course of the employment"; and (3) the ultimate fact of the proximate cause of death, in the sense of whether the fracture of the skull which the deceased employee sustained from a fall was due to an accidental "tripping or slipping, and not from disease."

The objections to the allowance of compensation are thus seen to be based, not only upon propositions of fact, but that type of facts which are peculiarly within the province of the trial tribunal to determine. We have the very familiar classification of facts into evidentiary and ultimate fact findings. The law of a case grows out of its ultimate facts. Such facts are fact inferences from the established evidentiary facts, and are frequently, and indeed commonly, drawn not from one or more isolated evidentiary facts, but from the grouping of those kinds of facts which are commonly given the name of "all the surrounding circumstances."

A very skillfully and very fairly constructed argument is addressed to us, which might very well lead the mind to a different conclusion or judgment from that reached by the commissioner. He, however, drew his inference "from all the facts and circumstances surrounding what happened." It is the most trite of all observations and comments that the impression received by one who has presided at the trial of a case may be altogether different from that received by one from a perusal of a transcript of the testimony and a record of the trial, no matter how full and faithful a reproduction of the trial the transcript may have been. Without further prolongation of the discussion, we announce the conclusion reached that we would not be justified in the ruling that the order made by the deputy commissioner is "not in accordance with law."

An appropriate decree, dismissing the bill, with costs, for want of equity, may be submitted.

### Mortimer W. H. Cox Claim.

Waiving all procedural questions, and assuming the bill filed to be an appeal, which brings up the whole subject of the order made by the commissioner, and going directly to the merits of the present feature of the award, we find a complaint that the commissioner made an inadequate allowance to counsel. The total of the allowance was $150, but a part of this was for the reimbursement of counsel for actual disbursements made on behalf of his clients, so that the award to him may be regarded in round numbers as $100 for his services. If we apply to it the same point of view as that presented to us, we could not find the allowance made by the commissioner to be adequate. There has been an award made, which, if translated into a capital sum, would be in excess of $5,000. Compensation on the basis of counsel fees would be measured by a sum of more than $100. The parties themselves by an agreement have measured it at a much larger sum. The question before us thus becomes whether the counsel fee basis is the proper one, and, if not, what is?

To begin with, the award made does not have its basis in what may be called the legal obligation of the party who is ordered to pay it. Its real basis is in the adoption of the legal policy of treating a workman as if insured against the consequences of the happenings for which these compensation laws provide. In addition, the employer is made the insurer. The award to be made is thus to be looked for, not in the loss or damage sustained by the workmen in case of a personal injury, or suffered by his dependents in case of his death or the value of the services rendered by counsel, who may render service in the course of the proceeding which results in the order, but is to be sought for and found in what we have thus called the insurance policy. We find in it that an order may be made for legal services "rendered in respect of a claim or award for compensation." It is to be kept in mind that what is thus awarded to counsel is paid by the employer. This is true, notwithstanding the further truth that it is paid out of moneys which otherwise would be paid to the injured workman, or his dependents in case of his

death. The point we are seeking to make clear is that the award is made to counsel, not because he rendered services, or because of the value of them, but solely because the allowance of an award to him is made a part of the policy of the law. Under the provisions of this act of Congress counsel are awarded that sum, and that sum only, which is sanctioned by the judgment of the commissioner.

What was in the mind of the draftsman of this act of Congress may easily be divined. Before compensation statutes, an injured workman recovered damages only when, under the law of negligence, he had a cause of action. His dependents were given a right of action which had the same basis of negligence. Consequences followed which took on the proportions of almost a public scandal. The recovery of a judgment in some cases came to be looked upon as almost a gamble. Because of this the practice of taking up of such cases and pressing them to final judgment under a contingent fee agreement with counsel became regrettably common. The result was a general situation which, from the standpoint of the public interests, was to be deplored. This without doubt prompted the passage of workmen's compensation statutes. Any draftsman must thus have had in mind abuses and evils to be prevented. This gives us the key to the interpretation to be given to this feature of the law. It is not meant by this that the commissioner has a purely uncontrolled and arbitrary power to determine what shall be allowed the attorney who assists in the proceedings, but it does mean that a large discretion is given to the commissioner to incorporate in his award a provision for the benefit of counsel, and to determine what that provision shall be. All that this allowance means is that the named sum shall be paid by the employer to counsel out of the allowance made to the dependents of the deceased workman.

■ We do not find in this record any justification to disturb what the commissioner has done. The law, however, contemplates the possibility of "proceedings for review," etc., to be had in court, and of an allowance to counsel who conducts these proceedings. This necessarily is in addition to any allowance made by the commissioner, because he could not consider it otherwise than by anticipation, and could not include it in his allowance, because he could not know that such "proceedings for review" would be had. Counsel has been obliged to appear in court to defend the order of the commissioner, so far as it is in favor of his clients, and to present their claim to a larger compensation than that awarded.

We accordingly, in the language of the act, "approve" an additional allowance of the sum of $100 to counsel. An appropriate decree to effectuate this can doubtless be submitted, without at this time troubling ourselves to determine whether it is proper to be done by a modification in this respect of the order of the commissioner, or of a reference back to him for the purpose.