## NORTHWESTERN STEVEDORING CO. et al. v. MARSHALL, Deputy Commissioner, et al.

No. 5980.

Circuit Court of Appeals, Ninth Circuit.

May 19, 1930.

Lawrence Bogle, Cassius E. Gates, and Edward G. Dobrin, all of Seattle, Wash., and John H. Black and Chas. R. Wayland, both of San Francisco, Cal., for appellants.

Anthony Savage, U. S. Atty., of Seattle, Wash., and John T. McCutcheon, Asst. U. S. Atty., of Tacoma, Wash., for appellee Marshall.

Wesley Lloyd, of Tacoma, Wash., for appellee Matheson.

Before DIETRICH and WILBUR, Circuit Judges, and KERRIGAN, District Judge.

KERRIGAN, District Judge.

Appellants, a stevedoring company, and its insurer under the Longshoremen's and Harborworkers' Compensation Act (44 Stat. 1424 [33 USCA §§ 901–950]), filed a bill of complaint seeking to suspend and set aside an award of compensation in favor of Martin Matheson, an employee of the stevedoring company. Appellees are the employee and

the deputy commissioner for the Fourteenth compensation district under that act. ·

Review of compensation orders by the filing of such a bill is provided for by section 21 of the Longshoremen's and Harborworkers' Compensation Act (44 Stat. 1436 [33 US CA § 921]) as follows:

"(b) If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted in the Federal district court for the judicial district in which the injury occurred (or in the Supreme Court of the District of Columbia if the injury occurred in the District). * * * The payment of the amounts required by an award shall not be stayed pending final decision in any such proceeding unless upon application for an interlocutory injunction the court, on hearing, after not less than three days' notice to the parties in interest and the deputy commissioner, allows the stay of such payments, in whole or in part, where irreparable damage would otherwise ensue to the employer. * * * "

The bill filed by appellants sought an interlocutory injunction and set forth the insolvency of Matheson and the impossibility of recovering back payments made to him under the award of the deputy commissioner pending the determination of the case, in the event that the award should be set aside or modified, as the irreparable injury claimed. To the bill were attached as exhibits complete transcripts of the proceedings and testimony before the deputy commissioner, and his award.

After hearing, the District Court entered its order denying appellant's application for an interlocutory injunction, and it is from this order that this appeal is taken.

■ In proceeding to procure a review of the award of the deputy commissioner under section 21 of the Longshoremen's and Harborworkers' Compensation Act, appellants invoked the equity jurisdiction of the court. They are therefore subject to the usual rules under which injunctive relief is granted. It is well settled that the granting of a preliminary injunction rests in the sound discretion of the trial court, and that, while it is not necessary that the court, before granting such an injunction, be satisfied that the plaintiff will certainly prevail upon the final hearing of the cause, it is necessary that the showing made be sufficient to establish at least the possibility that the plaintiff may make out a

case upon the merits. Huntington v. City of New York (C. C.) 118 F. 685, affirmed 193 U. S. 441, 24 S. Ct. 505, 48 L. Ed. 741; Sanitary Reduction Works v. California Reduction Co. (C. C.) 94 F. 693. At the hearing on an application for such preliminary relief, the bill stands as an affidavit and as part of plaintiff's showing in support of his application.

In the present case the bill, together with the incorporated exhibits, and one affidavit as to the insolvency of the employee, Matheson, constituted the entire showing. There were no counter affidavits. Therefore, if the bill itself showed that appellants could not succeed upon the merits, the order of the trial court must be affirmed, even assuming the showing of irreparable injury to have been sufficient.

■■ The contention of appellants in this regard is that they were entitled to a hearing de novo before the District Court upon the merits, and therefore the evidence upon which the court's final decision must be based was not before it. Appellee, on the other hand, contends that the District Court is limited, on injunction proceedings, to a review of the evidence before the commissioner to determine whether or not his award was "in accordance with law." If appellee is correct in his view, then all of the evidence to be produced in the cause was before the court as part of the bill, and, if it was apparent therefrom that appellants were without right to relief at a final hearing, the order denying interlocutory relief was proper.

Looking to the Longshoremen's and Harborworkers' Compensation Act as a whole, and section 21 in particular, it appears that the construction contended for by the appellee is correct, and that the act does not contemplate the hearing of a case determined by a commissioner de novo in the District Court, but merely a review of the proceedings before him to determine whether there was some competent evidence to support the findings of fact made and whether he acted within the jurisdiction conferred upon him by the act and in accordance with its provisions. As to questions of fact, the findings of the commissioner are to be final, if supported by some competent evidence. Obrecht-Lynch Corporation v. Clark (D. C.) 30 F.(2d) 144; Joyce v. United States Commissioner (D. C.) 33 F.(2d) 218; W. J. McCahan Sugar Refining & Molasses Co. v. Norton (D. C.) 34 F.(2d) 499; Merchants' & Miners' Transportation Co. v. Norton (D. C.) 32 F.(2d) 513.

30

On examining the transcript of proceedings attached to the bill herein, it appears that the trial court correctly determined that there was evidence to support the findings of fact by the deputy commissioner, and that appellants were not entitled to the relief sought. The chief attack upon the findings of the commissioner is based upon the fact that he found a 40 per cent. permanent partial disability of Matheson's right leg as a result of the injury, in the face of evidence consisting of the opinions of physicians that there was present in that leg at the time of the injury a previous partial disability due to arthritis. Appellants contended before the commissioner, and now contend, that the degree of additional permanent partial disability attributable to the injury received by Matheson does not exceed 15 per cent. Section 8 of the act (44 Stat. 1427, 33 USCA 908) requires the employer to pay compensation only for disabilities due to injury received in the employment, and requires the commissioner to determine the extent of any previous disability and make deductions accordingly in fixing the per cent. of disability due to the injury received in the employment. In this case the doctors, even those testifying for appellants, disagreed and were unable to furnish the commissioner with any definite rule or measure. For example, touching the percentage of disability in the claimant's knee, Dr. Heaton testified that it was at the time of the trial "30 or 40% at least—possibly more," and that to "a large degree" such disability "was due to his injury" as distinguished from the results of arthritis. But he did not think it possible for a physician scientifically to determine how much thereof was attributable to the injury and how much to arthritis. Another physician, called by claimant, put the total disability as "at least 35 to 45%." There was also testimony to the effect that there was no external evidence of disability prior to the accident. It being conceded that claimant suffered disability in some degree as a result of the accident, the commissioner could not escape the duty of making an award; he could not send the claimant away empty handed merely because in the nature of things the latter's injury was not susceptible to any definite or certain admeasurement. The administration of justice is a practical function, and we must do the best we can with the means available. The commissioner's award may have been liberal, but we cannot say it was arbitrary or capricious; and hence it ought not to be disturbed.

Affirmed.