## OCEAN ACCIDENT & GUARANTEE CORPORATION, Limited, et al. v. SOLBERG et al.

### No. 831.

District Court, W. D. Washington, N. D.

July 29, 1931.

This suit is one brought by complainants under 33 USCA § 921, to set aside a compensation order of the deputy commissioner requiring complainants to pay total disability compensation to the defendant Solberg, which compensation order is as follows: " * * * Such investigation in respect to the above entitled claim having been made as is considered necessary, and a hearing having been duly held in conformity with law,

"The Deputy Commissioner makes the following findings of fact:

"That on the 7th day of January, 1929, the claimant above named was in the employer above named at Everett, in the State of Washington, in the Fourteenth Compensation District, established under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, and that the liability of the employer for compensation under said Act was insured by The Ocean Accident & Guarantee Corporation, Limited; that on said day claimant herein, while performing service for the employer upon the navigable waters of the United States, sustained personal injury while he was employed as a longshoreman on board the steamship "Probitas", said steamship being then situated at Everett, in the State of Washington; that while the claimant above named was so employed and standing on the deck of said steamship, looking down the hatch, a load of cargo being lowered struck him on the head, causing injury and resulting in his disability; that notice of injury was given within thirty days after the date of such injury to the Deputy Commissioner and to the employer; that the employer furnished claimant with medical treatment, etc. in accordance with section 7 (a) of the said Act; that the average annual earnings of the claimant herein at the time of his injury amounted to the sum of $1505.40; that as a result of the injury sustained the claimant was wholly disabled from January 7, 1929, to and including April 5, 1931, and he is entitled to 117 weeks' compensation, $19.30 per week, for such disability; that the disability of the claimant continued on April 6, 1931; that the employer has paid $2142.30 to the claimant as compensation.

"Upon the foregoing facts the Deputy Commissioner makes the following award:

"That the employer, Everett Stevedoring Company, and the insurance carrier, The Ocean Accident & Guarantee Corporation, Limited, shall pay to the claimant compensation as follows: 117 weeks' at $19.30 per week, covering the period from January 7, 1929, to and including April 5, 1931, amounting to the sum of $2258.10, less $2142.30 previously paid by the employer to the claimant as compensation; that additional compensation shall be paid to claimant until the termination of his disability or the further order of the Deputy Commissioner; that the employer and insurance carrier shall furnish claimant with such medical, surgical and hospital treatment as may be appropriate to the further treatment and cure of his disability."

Attached to the complaint as exhibits are also a transcript of the testimony taken before the deputy commissioner and a letter or report after examination of the injured employee made by an examining physician to the deputy commissioner upon the latter's request.

Complaint is made:

" * * * That the Findings of Fact and the Award in said Compensation Order are erroneous, arbitrary and not in accord-

ance with law for the reason that no evidence or testimony was introduced at said hearing before the deputy commissioner sufficient or competent to warrant the finding or conclusion that said claimant Solberg, as a result of said injury of January 7, 1929, was wholly disabled from January 7, 1929, to and including April 5, 1931, or that he is entitled to 117 weeks' compensation or that complainant should pay said claimant 117 weeks' compensation, or that disability originally suffered on January 7, 1929, continued, or that complainants should furnish further medical, surgical and hospital treatment or care to said claimant. That said evidence and testimony to the contrary clearly shows that defendant Solberg's disability had terminated on February 22, 1931, had been prolonged by his use and excessive use of alcoholic drinks, and such unstable moments as he may from time to time have or may now have are caused solely by intoxication and the use of alcoholic drink. That said Compensation Order is further unlawful, arbitrary and erroneous because predicated upon hearsay statements of said George E. Price and a report to said George E. Price by other persons. That said examination, investigation and report by said George E. Price, upon which said Compensation Order is based, is not warranted by the Act and bars complainants of their right to cross-examine said George E. Price and those from whom he purports to have procured information in the premises, and complainants' right to examine the evidence submitted to said deputy commissioner. Unless the claim of said Solberg for compensation and the issue as to the continuance of his former disability be tried de novo before this court or said Award and Compensation Order suspended, set aside and the enforcement thereof stayed and permanently enjoined, complainants will be deprived of their property without due process of law, and the enforcement of said award and the application of said Longshoremen's and Harbor Workers' Compensation Act to complainants in the premises is contrary to and in violation of the Constitution of the United States of America. That said Compensation Order and Award of Compensation will become final and conclusive as a judgment against complainants unless suspended, set aside and the enforcement thereof stayed and permanently enjoined herein, and by reason of the premises complainants will be irreparably damaged and injured and have no plain, speedy or adequate remedy at law."

The transcript of testimony made a part of the complaint shows the following:

"Pursuant to Notice, this matter was heard before Wm. A. Marshall, Deputy Commissioner, United States Employees' Compensation Commission, at Everett, Washington, on the 17th day of March, 1931, at 2:00 o'clock P. M.

"Appearances:

"Pete Solberg, The Claimant

"Joseph D. Holmes, for Employer and Insurance Carrier.

"The Deputy Commissioner: It is admitted that the applicant sustained an injury on January 7, 1929, as set forth in his application;

"That both the employer and employee were subject to the provisions of the Longshoremen's and Harbor Workers' Compensation Act, at the time of the injury;

"That the relation of employer and employee existed at the time of the injury;

"That at the time of the injury, the employee was performing services growing out of and incidental to his employment;

"That notice of injury was given the employer as testified in the application.

"Mr. Marshall: The average annual earnings of the claimant at the time of the injury amounted to the sum of $1505.40; That the employer has paid $2142.30 to the claimant as compensation. Have you any way of knowing if that is about right?

"Mr. Holmes: I think so.

"Mr. Marshall: It is paid up to February 22nd of this year.

"Mr. Holmes: Yes, pretty near.

"Mr. Marshall: At $19.20 a week.

"Mr. Holmes: Yes.

"Mr. Marshall: This leaves in issue the question of temporary and permanent disability of the claimant as a result of said injury."

At the conclusion of the taking of testimony before the deputy commissioner, the transcript shows the following:

"The Deputy Commissioner: We are through. You can go any time when you want to. We are through, through with you.

"There will be an additional medical examination authorized by the Deputy Commissioner, copy of the report of the examination to be made a part of the record, and copy to be furnished to the party. That is all of the case."

As above noted, the hearing before the deputy commissioner was March 17, 1931.

The report of the medical examiner of which complaint is made is dated April 7, 1931.

There is no showing that Mr. Holmes, appearing for the employer and insurance carrier, complainants herein, made any request of the deputy commissioner that he be advised as to the individual to be authorized by the deputy commissioner to make such examination or that he be afforded an opportunity to cross-examine such medical examiner.

John W. Roberts, E. L. Skeel, Tom W. Holman and W. E. Evenson, Jr., all of Seattle, Wash., for complainants.

Anthony Savage, U. S. Atty., and Jeffrey Heiman, Asst. U. S. Atty., both of Seattle, Wash., for defendant Wm. A. Marshall.

L. B. Sulgrove, of Tacoma, Wash., for defendant Pete Solberg.

CUSHMAN, District Judge (after stating the facts as above).

Section 20 of the act, 44 Stat. 1436 (33 USCA § 920), provides: "In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary— * * *

(c) That the injury was not occasioned solely by the intoxication of the injured employee. * * *"

Section 23 of the act, 44 Stat. 1437 (33 USCA § 923), provides: "(a) In making an investigation or inquiry or conducting a hearing the deputy commissioner shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure, except as provided by this chapter; but may make such investigation or inquiry or conduct such hearing in such manner as to best ascertain the rights of the parties. Declarations of a deceased employee concerning the injury in respect of which the investigation or inquiry is being made or the hearing conducted shall be received in evidence and shall, if corroborated by other evidence, * * *" be sufficient to establish the injury.

It is not necessary for the court to determine in this suit the effect or validity of the foregoing. The deputy commissioner had before him the injured claimant, Solberg. In view of his testimony and that of his witnesses McKennan, Edwardson, and Larson, it has not been shown that the Commissioner's findings and award were unsupported by competent evidence.

Therefore the admissibility of the letter and report of the examining physician

George E. Price it is not necessary to consider. Northwestern Stevedoring Co. v. Marshall (C. C. A.) 41 F.(2d) 28, 29, and 30.

The motion to dismiss will be granted. The order or decree of dismissal will be settled upon notice.

The clerk is directed to notify the attorneys for the parties of this ruling.