**ALPHA DISTRIBUTING CO., Inc.**

v.

**JAS. BARCLAY & CO., Limited.**

**No. 13888.**

United States Court of Appeals,
Ninth Circuit.

Aug. 9, 1954.

J. Albert Hutchinson, San Francisco, Cal., for appellant.

Heller, Ehrman, White & McAuliffe, Richard E. Guggenhime, Lawrence C. Baker, San Francisco, Cal., for appellee.

Before MATHEWS, BONE and CHAMBERS, Circuit Judges.

CHAMBERS, Circuit Judge.

This is an appeal from an order of the District Court for the Northern District of California refusing to grant plaintiff-appellant's (Alpha's) motion for an interlocutory injunction. The matter was there determined on affidavits.

Alpha is a California wholesale distributor of alcoholic beverages. Defendant-appellee (Barclay) is a Delaware corporation and appears to be a manufacturer's agent as the term is used in the California liquor control laws. It performs the usual functions of a jobber. For a period of time (prior to April 30, 1953) Alpha was one of Barclay's distributors in Northern California and Barclay was one of Alpha's sources of supply, probably the exclusive source of certain brands of beverages.[1]

In March or April, 1953, Barclay terminated its relationship with Alpha, cutting off Alpha's distributorship, which was, we take it, a valuable thing so far as Alpha was concerned. The result was a complaint of four counts filed by Alpha against Barclay and Alpha's motion for interlocutory injunction. The burden of Alpha's application for an interlocutory injunction is that Barclay is trying to get its line of spirits purchased by retailers through another wholesale distributor, which thereby takes away custom and customers from Alpha.

The only proper question for consideration here is whether the district court, in denying an interlocutory injunction, abused its discretion. In our view, both sides herein have overbriefed the appeal. Alpha, when it has finished, fails to show wherein the court abused its discretion to grant or refuse the injunction. Barclay addresses itself principally to the proposition that any injunction at any time would be wholly wrong.

The discretion which a trial court has to grant or refuse an interlocutory order is a broad one. Among factors which may be considered by a trial court are such as: (1) Has most of the damage been done that can be done? (2) Is the burden of an interlocutory injunction all out of balance with the benefit to be obtained by the plaintiff? Also, the court is entitled to consider whether on the face of the record it appears that a defendant has a strong defense. The foregoing are just a few of the things that may be considered initially in deciding whether or not to issue an injunction pendente lite. Northwestern Stevedoring Co. v. Marshall, 9 Cir., 41 F.2d 28; Wilson v. Byron Jackson Co., 9 Cir., 93 F.2d 572; Ruckstell Sales & Mfg. Co. v. Perfecto Gear Differential Co., 9 Cir., 14 F.2d 297.

We choose to dispose of the matter on the ground that Alpha has not made an adequate showing that the dis-

1. Alpha asked the district court to enjoin Barclay (1) from disclosing to anyone any details about prior business done by Alpha with respect to Barclay's spirits; (2) from helping a rival wholesaler line up business for Barclay's spirits former-ly sold by Alpha to retailers; (3) from, in effect, helping others get business away from Alphia; (4) from, in effect, doing anything that would interfere with the amount of spirits Alpha might otherwise sell.

trict court abused its discretion. In doing so, we do not reach the question of whether Alpha's complaint has any merit or whether there would have been an abuse of discretion if Alpha's requested interlocutory order had been granted.

The order complained of is affirmed.