DAYTON BLACKFORD v. HARRY B. GREEN AND ANOTHER, PROSECUTORS.

Submitted March 18, 1915—Decided June 7, 1915.

1. A workman's forearm and hand were impaired by an accident to the extent of seventy-five per cent. and his upper arm to the extent of eight per cent.; the amount awarded was seventy-five per cent. of what the statute fixes for an arm. *Held,* that this award was not necessarily incongruous with the statutory provision making amputation between the elbow and the wrist equivalent to the loss of a hand only.

2. After an injury which entitled a workman to an award of $5 a week he went back to work and was paid $10 a week, although he did not earn that amount; upon proceedings under the Workmen's Compensation act, the judge credited the employers

with $5 a week for thirty-nine out of forty-one weeks for which they had paid. *Held*, that there was no error, as it was a fair presumption that the payments were made in discharge of the legal liability so far as there was such liability, and that payments in excess of that liability were either compensation for labor or were a benevolence.

On *certiorari* to the Morris Pleas.

Before Justices SWAYZE, PARKER and KALISCH.

For the plaintiff-respondent, *Elmer L. McKirgan.*

For the defendants-prosecutors, *Elmer W. Romine.*

The opinion of the court was delivered by

SWAYZE, J. There was evidence from which the trial judge might infer that the plaintiff's injuries were from an accident arising out of and in the course of his employment. The credibility of the witnesses was a question entirely for the trial judge. The statute makes his decision conclusive and binding on us. The only legal questions presented relate to the amount of compensation awarded.

*First.* The injuries were mainly to the forearm and hand. There was evidence that these were impaired to the extent of seventy-five per cent., and that the upper arm was impaired to the extent of eight per cent. The award was based on the theory that the function of the arm as a whole was impaired to the extent of seventy-five per cent., and the amount awarded was seventy-five per cent. of the amount fixed by the statute for an arm. It is now argued that such an award is out of harmony with the provision that amputation between the elbow and the wrist shall be considered as equivalent to the loss of a hand, for which the compensation allowed is less than that allowed for the loss of an arm. We cannot say, however, that the trial judge might not properly find that the injured arm was capable of no greater service than its weakest part; if so, he might properly find that the whole arm was injured to the extent of seventy-five per cent. Such

a finding is not necessarily incongruous with the statutory provision making amputation between the elbow and the wrist equivalent to the loss of a hand only. It is conceivable that a maimed forearm may impair the efficiency of the whole more than the amputation. We ought not to extend by construction the limitation imposed by statute in the case of amputation.

*Second.* The defendant paid the petitioner $10 a week for forty-one weeks subsequent to the injury. The amount to which he was entitled under the statute was $5 a week. The defendants were credited with $5 a week for thirty-nine weeks. There was evidence on the part of the defendants justifying a finding that by agreement these payments were to be credited on account of the statutory compensation. The accident happened before the passage of chapter 174 of the laws of 1913, and the provision prohibiting "contracting out," on page 312 of the session laws, is not applicable. The trial judge must have found that there was no agreement. There was evidence justifying an inference that what was paid was by way of wages for such work as the petitioner was able to do, although it was not questioned that he could not earn the full $10. So far as the money was paid for his labor, the prosecutors were entitled to no credit. *DeZeng Standard Co.* v. *Pressey,* 86 *N. J. L.* 469. So far as it was paid from a spirit of benevolence, the same line of reasoning would be applicable, and no credit should be allowed. It was logical for the trial judge to find that the payments during the first two weeks (when, under section 14, there was no liability to make compensation other than the medical and hospital services for which the defendants paid) were not made on account of the statutory compensation. While he might have found that the subsequent payments were made as compensation for the petitioner's labor, or as a gratuity from benevolent motives, it was a fair presumption that they were made in discharge of the legal liability, so far as there was such liability, and that payments in excess of that liability were either compensation for labor or benevolence. We find no error harmful to the prosecutors in this respect.

*Third.* The allowance of $5 per week for seventy-five per cent. of the full time allowed for loss of an arm—that is, for one hundred and fifty weeks, was not injurious to the prosecutors. It was in accordance with the rule in *Barbour Flax Co.* v. *Hagerty,* 85 *N. J. L.* 407. The rule in *Banister Company* v. *Kriger,* 84 *Id.* 30, approved in *Maziarski* v. *George A. Ohl & Co.,* 86 *Id.* 692, is less favorable to the prosecutors. In view of our *dictum,* in *DeZeng Standard Co.* v. *Pressey, supra,* we think it well to say that upon further reflection, we adhere to the rule of Barbour Flax Co. v. Hagerty. We inadvertently overlooked, in DeZeng Standard Co. v. Pressey, that the language of the statute with reference to injuries to the arm differs materially from the language with reference to the phalanges of the fingers which was under consideration in Banister Company v. Kriger. The difference is sufficiently stated in Barbour Flax Co. v. Hagerty.

The judgment in the present case is affirmed, with costs.