Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MARTHA O'ESAU, Widow, as Administratrix, etc., of JOHN M. O'ESAU, Deceased, Respondent, for Compensation under the Workmen's Compensation Law on Account of Injuries Sustained by Said JOHN M. O'ESAU During His Lifetime, *v.* E. W. BLISS COMPANY, Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, June 30, 1919.

**Workmen's Compensation Law — failure to file claim within one year as provided by section 28 — when continuing claimant as employee does not work an estoppel — filing of claim within one year a condition precedent.**

The failure of a claimant to file a claim within the period of one year from the time of the accident may not be disregarded upon the theory that the employer by continuing said claimant in its service worked an estoppel,

there being no evidence of fraud or any suggestion that anything was done to prevent the claimant, who was in possession of all his mental faculties, from taking such action as his interests required.

Where a statute gives a right unknown to the common law and limits the time within which an action shall be brought to assert it, the statutory limitation measures the extent and qualifies the nature of the right conferred.

The provision of section 28 of the Workmen's Compensation Law that "right to claim compensation under this chapter shall be forever barred unless within one year after the injury * * * a claim for compensation thereunder shall be filed with the Commission" creates a condition precedent to the right to claim compensation.

Appeal by the defendants, E. W. Bliss Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 27th day of January, 1919.

*James B. Henney* [*William H. Foster* of counsel], for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

Woodward, J.:

The only question necessary to be considered here is whether the failure of the claimant to file a claim within the period of one year from the time of the accident may be disregarded upon the theory that the employer, by continuing the employee in its service, worked an estoppel. On the 15th of November, 1917, the State Industrial Commission made an award to John M. O'Esau, holding that the employer and insurance carrier were estopped to urge the provisions of section 28 of the Workmen's Compensation Law. (*O'Esau* v. *Bliss Co.,* 14 State Dept. Rep. 696.) From this award an appeal was taken to this court, and at the March term in the year 1918 (not reported) it was urged that a certain letter, dated October 22, 1916, operated as a claim under the act. The case was sent back to the Commission to make such findings as it should find proper, and it was then held that the letter in question constituted a claim, and an award was made. A further

appeal from an order of this court confirming the award resulted in a dismissal of the appeal, on the ground that it was not properly before the Court of Appeals, with a distinct suggestion that the letter in question did not constitute a claim within the meaning of the statute. (See 15 State Dept. Rep. 665; 185 App. Div. 900; 224 N. Y. 701.) The case was then reconsidered by the State Industrial Commission (19 State Dept. Rep. 444), which made findings of fact in which, after pointing out the manner and extent of the injury, it was found that

" 2. * * * Said injuries soon incapacitated him from doing his former work but his employer retained him in the capacity of foreman, or overseer, and at the rate of wages earned prior to said accident. He was kept at work by his employer from the date of said accident to April 30, 1917, on which latter date he was discharged. From the date of said accident to April 30, 1917, during which time his employer retained him in a supervisory capacity, John M. O'Esau lost but three weeks on account of said injuries, and from the date of said accident to June 16, 1916, his employer furnished him with medical attention at the clinic located at the employer's plant.

" If he had not been retained by his employer as a foreman, or overseer, he would have been disabled from working from practically the date of said accident to November 15, 1917. Having been discharged by his employer on April 30, 1917, so far as a loss of wages is concerned, he was actually disabled from April 30, 1917, to March 21, 1918, the date of his death.

" 3. John M. O'Esau filed with this Commission a claim for compensation on June 6, 1917, which was more than one year after the date of the actual injury received, but less than one year from the date of actual disability.

" 4. The conduct of the employer, in view of all the circumstances, and particularly in keeping the claimant employed up to April 30, 1917, for a period of more than a year after the date of said accident, at a rate of wages equal to the wages earned prior to said accident, and in furnishing medical attention for the period required by the Compensation Law, directly induced the claimant to delay in filing

a claim for compensation until after the expiration of the statutory period, as set forth in section 28 of the Compensation Law."

Upon these findings of fact the Commission decided that the " employer and insurance carrier are alike estopped to plead the Statute of Limitations in respect to the failure of the claimant to file his claim within one year after the injury, since, by the conduct of the employer, whether fraudulent or not, it has directly induced the plaintiff to delay in filing his claim for compensation with the Commission until after the expiration of one year from the date of said accident."

Section 18 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41)* requires that a notice must be served within ten days, or the claim is barred, unless the Commission shall, in a proper case, excuse such failure, and it has been held that the ten days thus limited runs from the date of disability, not from the day of the accident, but we find no provision of the statute which permits the State Industrial Commission to set aside the requirement of section 28 of the act.*   This section is not properly a statute of limitations; it is a condition of the right to compensation under the act.   The claimant has no common-law right of compensation; this has been taken away and a new right has been substituted upon the conditions named in the act, and among these conditions is that the claim must be filed with the Commission within the period of one year " after the injury," and not only is there no provision for the Commission to excuse such filing, but it is provided in section 116 of the act that " No limitation of time provided in this chapter shall run as against any person who is mentally incompetent or a minor dependent so long as he has no committee, guardian or next friend," thus excluding all other cases under the rule of *expressio unius est exclusio alterius.* (*Aultman & Taylor Co.* v. *Syme,* 163 N. Y. 54, 57.)   No suggestion is made here that the claimant was mentally incompetent; the record clearly shows that he was not; and the statute provides that " the right to claim compensation under this chapter shall be forever barred unless within one

---

* Since amd. by Laws of 1918, chap. 634.— [Rep.

year after the injury  *  *  *  a claim for compensation thereunder shall be filed with the Commission." (§ 28.)

The rule is thoroughly well established that where a statute gives a right unknown to the common law, and limits the time within which an action shall be brought to assert it, the statutory limitation measures the extent and qualifies the nature of the right conferred. (*Dailey* v. *N. Y., O. & W. R. Co.*, 26 Misc. Rep. 539, 540; *The Harrisburg*, 119 U. S. 199; *Wooden* v. *W. N. Y. & P. R. R. Co.*, 126 N. Y. 10; *Hill* v. *Supervisors*, 119 id. 344, 347.)   In the latter case the court say that where the statute creates a new cause of action " the limitation of time is so incorporated with the remedy given as to make it an integral part of it, and the condition precedent to the maintenance of the action at all." (*Rosin* v. *Lidgerwood Manufacturing Co.*, 89 App. Div. 245, 253.)   " The right to claim compensation under this chapter shall be forever barred," says the statute, " unless within one year after the injury  *  *  *  a claim for compensation thereunder shall be filed with the Commission."   This is clearly a jurisdictional fact; without the filing of the claim within one year from the injury the Commission is powerless to act, because the right to " claim compensation " has been forever barred, and even the State Industrial Commission may not revive that claim sufficiently to give it jurisdiction to apply the doctrine of estoppel.   What a court of law or of equity might do in a case coming within the scope of an estoppel, which always involves the element of fraud or something which operates as a fraud (*Wilmore* v. *Flack*, 96 N. Y. 512, 520), it is not necessary now to inquire.   The claimant worked for the employer for many months after the accident, during all of which time he was in the possession of all his mental faculties, as we must assume.   He was bound to know the law, and this law required, as a condition precedent, that he should file his claim within a period of one year from the date of the accident.   Having failed to do this the " right to claim compensation under this chapter " was at an end; it was beyond the jurisdiction of the State Industrial Commission, and its holding that the employer and insurance carrier were estopped is utterly without force or effect.   No evidence of fraud appears in the record; the employer furnished the claimant with work which he could

do at his old wages following the injury, and there is not a suggestion that anything was done to prevent the claimant from taking such action as his interests required.

The award appealed from should be reversed and the claim dismissed.

All concurred.

Award reversed and claim dismissed.

