Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of O. L. HUMPHREYS, Respondent, for Compensation under the Workmen's Compensation Law, *v.* THE CHEVROLET MOTOR COMPANY, Employer, and the ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD., Insurance Carrier, Appellants.

Third Department, March 3, 1920.

**Workmen's Compensation Law — allowance for doctors' bills paid by claimant — award modified.**

Bills of doctors, employed by claimant with the permission of his employer, for services rendered, *held*, not to have been excessive and to have been properly allowed.

On conflicting evidence, *held*, that the award should be modified by deducting therefrom a sum paid the claimant on account of his disability, and as so modified affirmed.

APPEAL by the defendants, The Chevrolet Motor Company and another, from an award of the State Industrial Commission,

entered in the office of said Commission on the 31st day of July, 1919, and also from an award entered in the office of said Commission on the 16th day of April, 1919.

*Philip J. O'Brien* [*John N. Carlisle* of counsel], for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

JOHN M. KELLOGG, P. J.:

The evidence is conflicting. If the appellants' claim is right that the claimant continued to work from August 20 to December 11, 1918, at the same wages until the job was finished, and then, at his own request, was employed on a different job, at a less wage, but receiving the full wages of a well man, the award should not stand. But that claim is answered by the statement furnished by the employer to the employee, the contents of which was stated by Commissioner Lyon for the record. It shows that from August first to January eleventh, a period of twenty-three weeks, the claimant earned $261.55. If he had worked all the time at the same wages as before the accident, he would have received $742.90, showing a loss of wages of about $481.35 for twenty-three weeks. This would be modified somewhat by the alleged change in the wage after December eleventh. If this statement is true it discredits the defendants' witnesses and supports the claimant's contention that after the accident he was unable to do full work and did not receive full pay. After the receipt of the statement the Commission gave the appellants the right to ask for a rehearing if they could produce evidence that the figures were not correct, and no such application has been made. The Commission also stated that a letter produced from the employer gave the claimant the right to employ his own doctor. The doctors' bills are not excessive and were properly allowed. Concededly the claimant has been paid $40 on account of his disability, which should be deducted from the award. The award should be modified accordingly and as modified affirmed.

All concur.

Award modified as per opinion, and as so modified affirmed.