## FRANK I. CLARK'S CASE.

### Kennebec.   Opinion April 4, 1921.

*The scope of the law to provide compensation for permanent impairment of the*
*usefulness of a member or of any physical function thereof, enlarged under*
*Section 16 of Chapter 238, of the Workmen's Compensation Act of*
*1919.   Compensation not confined to cases of actual loss or sever-*
*ance of the member or some part thereof.*

The last paragraph of Section 16 of the Workmen's Compensation Act
of 1919 (Chapter·238) was intended to enlarge the scope of the law and to
provide compensation for permanent impairment of the usefulness of a mem-
ber, or of any physical function thereof, named in the schedule, where pre-
viously compensation for loss of the member to the extent specified could
alone be had.

Under the last paragraph of Section 16 of the Workmen's Compensation
Act of 1919 (Chapter 238) compensation is not confined to cases of actual
loss or severance of the member or some part thereof; but includes all cases
of injury to the members specified in that section, not before provided for,
where the usefulness of the member or any physical function thereof is per-
manently impaired.

The fact that there was no loss of wages in the instant case does not afford an
answer to the application for compensation.   By the injury to his hand,
resulting in the permanent impairment of its usefulness, the applicant has
sustained a distinct loss of earning power in the near or not remote future.

On appeal.   This case was taken to the Law Court on an appeal
from a decision of the Industrial Accident Commission.   The claim-
ant, a machinist, in the employment of the Kennebec Journal Com-
pany, while cranking a motor in the course of his employment,
received a blow upon his left forearm.   He lost no time from his
work and no wages, as a result of the injury, but was not able to do
such efficient work.   It was alleged that the nerves of the arm were
injured by the blow, which resulted in an impairment of function of
the thumb, and first and second fingers of the left hand, and the
commission found that such impairment was permanent from which
finding respondent appealed.

Case is stated in the opinion.

*Robert A. Cony*, for plaintiff.

*Andrews & Nelson, and W. T. Gardiner*, for defendant.

SITTING:  SPEAR,  HANSON,  PHILBROOK,  DUNN,  MORRILL, WILSON, JJ.

MORRILL, J.   On August 16, 1919, Frank I. Clark, while employed by Kennebec Journal Company received a personal injury by accident arising out of and in the course of his employment.  He filed a petition for award of compensation; a decision, participated in by all members of the commission, was made February 14, 1920, in which the commission found that while cranking a motor Mr. Clark "was struck on the left forearm, which has produced a permanent impairment to the thumb, first finger and middle finger of the left hand," and determined the "extent of the incapacity" as follows:  · "It is the opinion of the commission from the evidence that the permanent impairment is as follows:

| | | |
|---|---|---|
| Thumb: | 67½ per cent | 33.75 weeks. |
| First finger: | 40  per cent | 12 weeks. |
| Middle finger: | 25  per cent | 6.25 weeks. |
| Total, | | 52 weeks. |

The commission thereupon ordered that compensation be paid to the claimant at the rate of fifteen dollars per week for fifty-two weeks; a decree in accordance therewith was entered and the case is before us upon appeal by the employer and insurance carrier.

The petition for award of compensation was insufficient in that it did not set forth "the matter in dispute and the claims of the petitioner in reference thereto." *Maxwell's Case*, 119 Maine, 504, 507. But the objection has not been taken, and, apparently by mutual understanding, the petition was heard by the commission, as the decision states, "to determine the amount of his permanent impairment."  No actual time was lost by the employee following the injury, so that the degree of disability was the one question presented. There was no loss of any portion of the hand or fingers, but an injury to the nerves of the arm.

The only question presented upon this appeal is whether upon the facts found the claimant is entitled to compensation under the last paragraph of Section 16 of the Workmen's Compensation Act of 1919, which reads as follows:

"In all cases in this class where the usefulness of a member or any physical function thereof is permanently impaired, the compensation shall bear such relation to the amount stated in the above schedule as the incapacity shall bear to the injuries named in this schedule and the commission shall determine the extent of the incapacity."

As stated in their brief, the employer and insurance carrier contend "That the words in the last paragraph of the said Section 16, 'In all cases in this class,' mean what they say, viz., in all cases of complete or partial amputation, or complete or partial loss of sight, and that they do not mean that, in any case where a member is impaired by any means whatever, whether by amputation or other injury, claimant is entitled to specific compensation for such impairment.

That claimant's remedy in such a case as the instant one, where there is impairment of function without actual severance of the whole or any part of the members mentioned in the schedule of amputations, is through total or partial compensation, as the case may be, for total loss of or impairment of earning capacity, under Sections 14 and 15 of the Compensation Act."

This contention presents for the first time the question of the construction to be placed upon this paragraph which is amendatory of the original Workmen's Compensation Act of 1915.

What did the Legislature intend to accomplish by this amendment? What omission in the original act did it intend to supply? What class of cases did it intend to reach?

Under the original act, by Section 14 compensation could only be awarded "while the incapacity for work resulting from the injury is total," not exceeding a period of five hundred weeks; by Section 15 compensation could only be awarded "while the incapacity for work resulting from the injury is partial," not exceeding a period of three hundred weeks; Section 16 provided for those cases where the disability was total for a period and might be partial thereafter, fixing for a specified injury the period of total disability and the amount of compensation.

Section 16 first came under consideration in *Merchant's Case*, 118 Maine, 96, and we then held that the word "loss" as used in that section means a physical severance of the member, not loss of use. In this case the injury consisted of a laceration of the back of the left hand, which affected the extensor muscles controlling the third and fourth fingers, the third finger being drawn toward the palm of the hand at an angle of about forty-five degrees, and the fourth finger at an angle of about ninety degrees. These two fingers were thereby rendered practically useless. Compensation was awarded under Section 15, the basis of compensation being the difference in the earning power of the claimant before and after the accident. It is evident that the act did not then provide adequate compensation for such permanent injuries as the claimant had sustained.

Section 16 was again under consideration in *McLean's Case*, 119 Maine, 322, in which we held that "loss of a foot" as used in that section means the loss of the entire foot, not the loss of that part of the foot in front of the plane of the tibia; and the claimant was allowed compensation based upon the loss of his toes. The accident in this case arose before the enactment of the Law of 1919; referring to the new clause now under consideration, the opinion says: "This addition provided for cases of loss or impairment of use of a member where the member itself was not lost." Here there was an impairment of the use of the foot although the whole foot was not lost.

*Maxwell's Case*, 119 Maine, 504, follows McLean's Case, holding that the loss of two-thirds of the distal phalange of a finger is not the same as the loss of the whole phalange.

It is evident that the additional clause under consideration was intended to enlarge the scope of the law and to provide compensation for permanent impairment of the usefulness of a member, or of any physical function thereof, named in the schedule, where previously compensation for loss of the member to the extent specified could alone be had. That the provision is confined to the members named in the schedule is clear, because the injuries named in the schedule are the basis for determining the extent of incapacity. But is there any reason for holding that compensation is limited to those cases of loss or impairment of use where there has been an amputation of some portion of the member? We think not, and we hold in harmony with the expression of the court above quoted from McLean's Case that compensation for permanent impairment of the usefulness of a

member or any physical function thereof is not limited to cases of actual loss or severance of the member or some part thereof. The words, "in cases of this class" are ambiguous; the word "class" is not used elsewhere in the fourteenth, fifteenth or sixteenth sections; it was evidently adopted from some law in which the disabilities are classified in one section, as in the law of New Jersey (Act of 1911, Chapter 95 as amended by Act of 1913, Chapter 174), in which very similar language is found in Section 11, Paragraph (c) providing for disability partial in character but permanent in quality. See *Burbage* v. *Lee*, 87 N. J. L., 36, 37. We have already held in *McLean's Case*, supra, decided since this case was argued, that "loss of a foot" means the loss of the entire foot; hence the words "cases of this class" cannot mean cases of amputation of a part of a member; nor can it mean cases of complete amputation, for that construction would add nothing to the statute; such cases were already provided for; the word "class" cannot be restricted to cases of amputation.

We think therefore that the language of the final paragraph of Section 16 before quoted is not confined to cases of amputation, but includes all cases of injury to the members specified in that section, not before provided for, where the usefulness of the member or any physical function thereof is permanently impaired. The word "class" includes and refers to injuries to the members enumerated in the section. An injury to the forearm may permanently impair the usefulness of the hand; an injury to the hand may permanently impair the usefulness of the fingers; although neither the hand nor the fingers are lost, and may be of some use.

Nor does the fact that there has been no loss of wages afford an answer to the application. By the injury to his hand, resulting in the permanent impairment of its usefulness, the applicant has sustained a distinct loss of earning power in the near or not remote future. *DeZeng Standard Co.* v. *Pressey*, 86 N. J. L., 469. *Burbage* v. *Lee* et al., 87 N. J. L., 36.

*Appeal dismissed.*
*Decree affirmed.*