In the Matter of the Claim of LAWRENCE T. SULLIVAN, Respondent, against G. B. SEELY SON, INC., and Another, Appellants.

THE STATE INDUSTRIAL BOARD, Respondent.

Third Department, September 19, 1929.

*Jeremiah F. Connor*, for the appellants.

*Hamilton Ward*, Attorney-General [*George S. Kelly*, Deputy Assistant Attorney-General, of counsel], for the respondents.

PER CURIAM. The claimant was injured in the course of his employment on September 20, 1928. An award has been made to him for compensation for disability for seven and one-third weeks, and the case as to disability has been closed.

During the entire time that the claimant was disabled the employer continued to pay him his full salary of sixty dollars per week. He, therefore, met with no economic loss during the period he was unable to work. If he had been compelled to rely upon an award for compensation, the limit of his weekly allowance would have been twenty-five dollars. He has, therefore, gained greatly through the generous attitude of his employer.

By the decision of the Board, the employer and its carrier will be obliged to pay twenty-five dollars per week to the claimant in addition to his full wages. This would seem to pervert the purpose of the statute which is to compensate the injured workman for loss of earning power (*Matter of Marhoffer* v. *Marhoffer*, 220 N. Y. 543), and to protect him against destitution during the period of disability. " The act was not intended as a source of profit to the employee or as a means of punishment of the employer * * *." (*Matter of Fredenburg* v. *Empire U. Railways, Inc.*, 168 App. Div. 618, 623.)

The employer did not ask for restitution, so the case does not fall within the purview of our recent decision in *Matter of Rasmussen* v. *Park G. & M. Shop, Inc.* (223 App. Div. 591). The Board sought to justify its decision on the ground that the wages paid to him by the employer were a " gift." The evidence is illuminating on that question. " The Referee: Did you pay this money as wages, or in what sense? Mr. Weeks [an official of the employer]: Anybody injured in our employ we don't take them off the payroll. We keep paying them. The Referee: Are you giving them this money? Mr. Weeks: Yes; it is a gift. Mr. Gaskin [representing employer and carrier]: It is in the nature of wages? Mr. Weeks: Yes. The Referee: Do you consider it advance com-

pensation? Mr. Weeks: No; we carry him on the payroll. He is injured in our employ. It is not his fault. We continue to pay the man his wages."

It is quite evident that the purpose of the employer was to continue to pay the employee wages as a matter of justice in pursuance of its general policy. In a sense, it was a gratuity; but it is distorting the meaning of the term and separating a single word from its context to hold that the payment was purely a gift. Nor does it help in reaching a just conclusion to quibble concerning whether the employee rendered services for the weekly wages paid, and argue because he did not the money received is not " wages." It was for the employer to determine whether it received a benefit in good will and loyal service from this and other employees when it adopted the policy, as to one injured without his fault in its employ, to " continue to pay the man his wages." It is sufficient to say that the employer for reasons of its own continued to pay the employee weekly wages, and, therefore, the latter has suffered no loss of earnings.

Having freely consented to accept a substantial benefit from his employer, all equitable rules would hold the claimant estopped from recovering another sum not based on a loss arising during the term of disability. (*Brassel* v. *Electric Welding Co.*, 239 N. Y. 78; *Larscy* v. *Hogan & Sons*, Id. 298, 302.)

The award for compensation for disability should be reversed and the claim in that respect dismissed, with costs against the State Industrial Board.

VAN KIRK, P. J., DAVIS and WHITMYER, JJ., concur; HINMAN and HILL, JJ., vote to remit the disability claim for further testimony to determine whether or not the payments by the employer were regular salary or a gift.

Award of compensation for disability reversed and the claim in that respect dismissed, with costs against the State Industrial Board.