In the Matter of the Claim of HARRY BEACH, Respondent, against THE TRAVELERS INSURANCE COMPANY, Appellant, Impleaded with WILSON & COMPANY, Respondent.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, June 30, 1931.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellant.

*Samuel Israel* [*William Warren Dimmick* of counsel], for the respondent Wilson & Company.

*John J. Bennett, Jr., Attorney-General* [*E. C. Aiken, Assistant Attorney-General,* of counsel], for the State Industrial Board.

WHITMYER, J.   The employer paid the employee the sum of $11,975 in all, as follows: Fifty dollars a week from August 6, 1917, the date of the employee's accident, to March 15, 1919; and twenty-five dollars a week from March 15, 1919, to June 27, 1925, since which time, it is conceded, the carrier has paid.

The employee's wages were fifty dollars a week.   The reimbursement sought is at the rate of fifteen dollars per week, the maximum compensation rate.

The payments were by checks for " Acct. disability."   No receipts were taken and filed and the checks were not produced.   The employer filed them in the receivership proceedings against it in 1924.

The only objections are that there is no proof that the amounts were paid as compensation and that receipts therefor were not taken and filed as required by the statute in force at the time. (Workmen's Comp. Law of 1914, § 20, as amd. by Laws of 1915, chap. 167, and § 20-a, added by Laws of 1915, chap. 168.)

The employee was injured August 6, 1917.   The award was made December 31, 1930.

The Board found that the employee's head was struck by the floor of a descending elevator, crushing his throat against the wood gate, over which he was leaning, causing a laceration of the under surface of his neck and sub-maxillary region, and resulting in a septic infection of the neck, followed by nervous shock and depression.

The Board found, also, that he was permanently totally disabled, that his average weekly wage was the sum of fifty dollars, and that the employer advanced compensation from August 6, 1917, to June 27, 1925.

The employer's report states that the employee returned to work on September 3, 1917.   That is confirmed by the statement and affidavit of the employer's assistant secretary.   In addition, the statement shows that the employee worked 223 days from the date of his injury to June 27, 1925, and not at all thereafter.   The employer paid him an amount equal to his wages each week to March 15, 1919, and half of that amount thereafter to June 27, 1925, when payments were stopped.

On November 13, 1917, the employee entered into an agreement with the employer in regard to his " claim for compensation." The facts therein stated were to be the basis of a claim, to be paid in strict accordance with the Compensation Law. The receipt of compensation, on the one hand, and the payment thereof, on the other, were to be upon the basis of such claim, including the amount to be then paid, as designated therein, and such other amounts as might be determined from the nature, extent, duration and result of the injury described therein. It recited that it covered the period from September 17, 1917, to termination of disability, estimated by the physician as nine weeks beyond the period covered by the payment provided for; that the disability was temporary total; that the agreement was for fifteen dollars maximum, per week, payable weekly or bi-weekly from August 20, 1917; and that the amount to be paid was the sum of forty-five dollars.

The employee gave a receipt, dated November 9, 1917, running to the employer, for forty-five dollars as compensation from August 20, 1917, to November 9, 1917. It shows that the amount was paid on December 5, 1917.

The employer paid, as stated, to June 27, 1925. Payments were then stopped, whereupon the employee sought compensation and the employer reimbursement. The carrier claims that it knew nothing about the claim or any payment after the one to November 9, 1917. After it had begun to pay, the carrier filed a notice, dated November 20, 1928, that payment of compensation had begun, at the weekly compensation rate of fifteen dollars per week, payable from a date left blank until notice to the Industrial Commission of stoppage or suspension.

An employee is not entitled to compensation for the period during which he has received full wages, since he has suffered no loss of earnings. (*Pottle* v. *Atkinson Company*, 215 App. Div. 739; *Matter of Rasmussen* v. *Park G. & M. Shop, Inc.*, 223 id. 591; *Matter of Sullivan* v. *Seely Son, Inc.*, 226 id. 629.) And a carrier may be required to reimburse an employer for compensation advanced, but not for wages paid as such to an employee. (*Bell* v. *Fraser*, 210 App. Div. 560; *Giamelli* v. *Rahtz*, 209 id. 720.)

The carrier was a stranger to the agreement between the employer and employee. While it was to be in force until termination of the employee's disability, it does not appear that the carrier had knowledge that the disability had reappeared after the time for which it had paid compensation. And the employer made payments for eight years thereafter without the carrier's knowledge, so far as appears. The amounts advanced by the employer were exactly equal to the employee's wages for a period of about two years

after the accident and, thereafter, were equal to one-half the wages. All of the payments were in excess of the weekly compensation rate. The notation "Acct. disability" on the checks does not help, because the payments may have been made either as gifts or as wages. And it does not appear therefrom that the payments were intended as compensation.

The award should be reversed, with costs against the State Industrial Board.

All concur.

Award reversed and claim remitted, with costs to the appellant against the State Industrial Board, for further action by the Board so far as found necessary in accordance with the views expressed in the opinion.