## CANDADO STEVEDORING CORPORATION v. LOCKE, Deputy Com'r, United States Employees' Compensation Commission.

### No. 143.

Circuit Court of Appeals, Second Circuit.

March 6, 1933.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Vernon S. Jones and Robert P. Nash, both of New York City, of counsel), for complainant-appellant.

Harry S. Austin, of New York City, for defendant-appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. Hand, Circuit Judge.

This is a suit in equity to restrain the defendant deputy commissioner, United States Employees' Compensation Commission, Second Compensation District, from enforcing an award made under the Longshoremen's and Harbor Workers' Compensation Act (33 USCA §§ 901–950) to one Charles Blumberg, and to set aside the award. Blumberg was a longshoreman employed by the complainant. He sustained injuries in the course of his employment while working on the steamship, Horace Luckenbach, and filed a claim for compensation under the Longshoremen's and Harbor Workers' Compensation Act. He was paid at the rate of $20 per week from the date of his accident on July 14, 1930, until December 22, 1930. The payments aggregated $460, and the weekly installments were 66⅔ per cent. of his average wages of $30 per week. During the period of disability for which he was so paid, he was totally disabled.

Payment of further compensation was controverted by the employer, Candado Stevedoring Corporation, in proceedings before the deputy commissioner, and, after a hearing at which testimony was taken, the deputy commissioner made the following order for compensation, dated April 18, 1931:

"1. That the defendant employer restore the claimant to the compensation roll as a partial disability without earning capacity and pay him compensation at the rate of twenty dollars ($20.00) per week from December 22, 1930, to date.

"2. That the defendant employer pay compensation to the claimant in the future under the provisions of section 8 (c) (21) of the act, so long as partial disability shall continue in fact.

"3. That the defendant employer reimburse the claimant in reasonable amount for medical service procured by him at the hands of Dr. Louis Gelb.

"4. That henceforth, the defendant employer provide to the claimant, such further medical, surgical or other attendance and treatment as the nature of the injury or process of recovery may require.

"5. That attorney fee in the case be fixed at Fifty dollars ($50.00) deductible from the award. * * *"

The court modified the compensation order to strike therefrom provision 5, of which no review had been sought, but sustained the order in all other respects.

The complainant has appealed from the order on the ground that the deputy commissioner had found that Blumberg was only partially disabled and was able to do light work after December 22, 1930, and yet had awarded to him the maximum amount of compensation, namely, 66⅔ per cent. of his average wages, instead of that percentage of the difference between such average wages and his partial earning capacity in his original employment or some other.

The commissioner, after finding that Blumberg had admitted that he was able to do light work after November 22, 1930, stated that he had no earning capacity. These findings at first seem inconsistent, but the latter is explained by the statement that his employer had refused to employ him as a stevedore when he had sought to obtain light work. Neither in the testimony nor the findings does it appear that Blumberg had no earning capacity, but the contrary appears, namely, that he could do light work.

The first provision of the order, requiring that Blumberg be restored to the compensation roll "as a partial disability without earning capacity," contradicts the finding that he is capable of light work, and the second provision of the order, that his employer shall pay him compensation under section (8) (c) (21) of the Longshoremen's and Harbor Workers' Compensation Act (33 USCA § 908 (c) (21) is indefinite, because the deputy commissioner has not determined "the difference between his average weekly wages and his wage-earning capacity" as provided by that subsection. Such a finding must be made in order to inform the complainant of the amount that it is bound to pay. What Blumberg actually earned is not the basis of the computation, but what was his earning capacity. The fact that he has actually earned nothing since December 22, 1930, is not the test of the amount of his compensation. Such has been the uniform construction of the New York State Compensation statute (Consol. Laws N. Y. c. 67), on which section 8 (c) (21) of the Longshoremen's and Harbor Workers' Compensation Act was modeled. Mead v. Buffalo General Electric Co., 212 App. Div. 191, at page 192, 208 N. Y. S. 499; Behrens v. Stevens Co., 188 App. Div. 66, at page 68, 176 N. Y. S. 28. See, also, Rudolph v. Wieland, 214 App. Div. 831, 210 N. Y. S. 915.

The complainant also criticizes the order in so far as it affirms the third provision of the award, directing the employer to reimburse the claimant in a reasonable amount for medical services procured by him at the

804

hands of Dr. Louis Gelb. Section 7 (a) of the act (33 USCA § 907 (a) requires the physician giving treatment at the request of the employee to furnish a report of the injury and the treatment to the deputy commissioner and the employer within twenty days following the first treatment. No such report was furnished within the period, so that the reimbursement cannot properly be had. This ground of appeal was accordingly good.

■ The fourth provision of the award, which relates to medical and surgical treatment, is justified under section 7 of the Longshoremen's and Harbor Workers' Compensation Act (33 USCA § 907).

■ The complainant finally attacks the order of the District Court striking out the fifth provision of the award directing that a fee of $50 be paid to the attorney for the claimant and deducted from the award. This allowance by the deputy commissioner was entirely proper, and the order striking it out was doubtless an inadvertence. The elimination of it is contrary to the terms of the court's opinion, and was plainly a blunder.

For the foregoing reasons, the first, second, and third provisions of the award should be set aside, and the fourth and fifth should stand.

The decree is modified so as to set aside the first, second, and third provisions of the award and to restrain enforcement thereof, and to affirm the fourth and fifth provisions. But this is without prejudice to the right of the deputy commissioner to determine the difference between the weekly wages and the wage-earning capacity of Blumberg, and to make a new award in accordance with the provisions of section 8 (c) (21) of the Act.

Order modified.