## LUCKENBACH S. S. CO., Inc., v. NORTON, Deputy Commissioner, Third Compensation District.
### No. 6424.

Circuit Court of Appeals, Third Circuit.
April 25, 1938.

George F. Blewett, of Philadelphia, Pa., for appellant.

J. Cullen Ganey, U. S. Atty., of Bethlehem, Pa., and J. Barton Rettew, Jr., Asst. U. S. Atty., of Philadelphia, Pa., for appellee.

Before DAVIS and BIGGS, Circuit Judges, and WATSON, District Judge.

DAVIS, Circuit Judge.

The plaintiff has appealed from a decree of the District Court dismissing its bill of complaint in which it sought to enjoin the enforcement of an award of compensation made by the defendant in favor of one Edward Dolan.

■ The first question involved is whether or not the evidence sustains the finding of the Commissioner that Dolan was partially disabled within the terms of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901–950.

The evidence produced relevant to this question indicates that Dolan through an injury received, which arose out of and in the course of his employment, suffered a hernia. While the hernia did not prevent him from carrying on his work as hatch keeper, at which position he had worked for the defendant for over 12 years, it does appear that he was not able to assist other workers, whose jobs required heavy lifting, nor could he lift freight or help in rigging the ship. While these latter duties were apparently not required of him at his post as hatch keeper, still it is probable that the hernia did lessen his general earning capacity. His inability to lift heavy objects or to rig a ship probably lessened his intrinsic earning capacity on the general labor market. It might even have lessened the value of his services as a hatch keeper, for his inability to be an all-around utility man on a ship might count against him by employers. In any event, the award is presumptively correct and the evidence is not sufficient to overcome that presumption. 33 U.S.C.A. § 920; McNeely v. Sheppeard, 5 Cir., 89 F.2d 956; Employers Liability Assurance Corporation v. Hoage, 67 App.D.C. 245, 91 F.2d 318; Taylor v. McManigal, 6 Cir., 89 F.2d 583.

■ The second question in issue is whether or not Dolan is entitled to compensation in view of the fact that the plaintiff has at all times since the accident paid him full wages, and even advanced his wages at a time of a general increase.

Since the act provides that compensation for either permanent partial disability, 33 U.S.C.A. §§ 908 (c) (21), or for temporary partial disability, section 908 (e), shall be two-thirds of the difference between the injured employee's average weekly wages before the injury and his wage-earning capacity thereafter, it would seem that an employer who has continued to pay the employee full wages has already paid him more than he could have been required to pay under the act, and should not be required to pay more. But, if, by merely paying an employee full wages during the one-year period of limitation for filing a claim for compensation, an employer could possibly escape liability to pay any compensation thereafter, he would thus defeat the purpose of the act.

Assuming that Dolan does suffer from partial disability as the Commissioner found, the fact that the defendant paid him full wages is not a bar to the award of compensation here involved. 71 C.J. 865; DeZeng Standard Co. v. Pressey, 86 N.J.L. 469, 92 A. 278, affirmed 88 N.J.L. 382, 96 A. 1102; Blackford v. Green, 87 N.J.L. 359, 94 A. 401, affirmed 89 N.J.L. 357, 100 A. 1069.

Finding no error in the award, the decree of the District Court is affirmed.