### TWIN HARBOR STEVEDORING & TUG CO. et al. v. MARSHALL et al.

### No. 8976.

Circuit Court of Appeals, Ninth Circuit.

April 14, 1939.

Lawrence Bogle, Cassius E. Gates, and Edward G. Dobrin, all of Seattle, Wash., and James M. Wallace, of San Francisco, Cal., for appellants.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Oliver Malm, Asst. U. S. Atty., of Tacoma, Wash., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellants, employer and its insurance carrier, brought suit by filing a so-called bill of complaint invoking § 21(b) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 921(b), to set aside an award of the deputy commissioner. The appeal is from a decree of dismissal following a motion to dismiss addressed to appellants' bill.

The facts pleaded disclose that claimant, Hugo, was employed as a stevedore foreman at a monthly salary of $325. In December, 1935, while he was at work on board a steamship, a pair of tongs attached to a cable became unfastened from a log and struck him on his neck, shoulder and chest, causing injury from which he was wholly disabled for a period of fourteen months. At the time of the accident the duties of claimant were to supervise the work of longshoremen in loading cargo. The injury to his neck was such that he now can whisper only, and he suffers from shortness of breath upon exertion. These disabilities seriously impair claimant's efficiency as a foreman of longshoremen in the loading of vessels, for the reason that it is impossible for him orally to direct the work, and because, in order to discharge his duties, he must go about the vessel being loaded and climb up and down ladders leading to the various decks.

On February 1, 1937 claimant resumed his work with the same employer at the former wages, but it was found necessary to employ another man to assist him in the performance of his duties. The assistant was paid an average wage of $150 per month. The following July the employer transferred claimant to other duties because of his lessened ability to perform his work. He was at that time made a sort of superintendent of longshoremen, at the same wages as before. His wage-earning capacity in the open labor market was found to have decreased from $75 per week to $34.62 per week.

The deputy commissioner determined that claimant was entitled to compensation in the amount of two-thirds of the difference between his former wages and his present earning capacity, limited however to the maximum of $25 per week payable under the act. The award was for compensation at the maximum rate from the date of the injury to the date of the award—November 22, 1937—and thereafter during the continuance of disability. The employer or the carrier had paid compensation at that rate from the time of the accident to August 2, 1937 and credit was allowed because of these payments.

Appellants urge that Hugo was not entitled to an award in the light of the fact that he has been paid the old wage at all times since resuming work. The award, it is said, violates the purposes of the act in that the workman has suffered no economic loss entitling him to compensation. The controlling question, however, would seem to be whether the findings of the commissioner are supported by evidence. Northwestern Stevedoring Co. v Marshall, 9 Cir., 41 F.2d 28.

The record abundantly sustains the findings. There is no doubt but that claimant's earning capacity and his ability to work have been seriously and permanently impaired. He has been kept on at his former wages, as the evidence shows, because of long service and the sympathetic attitude of his employer. It was substantially shown that he would be unable to do the work required in general stevedoring, and heavy or strenuous manual labor of any sort would seem to be beyond his powers. There is evidence that the employer has no real need for a man to perform the duties carried on by the claimant after July, 1937, but that it was necessary to replace him as foreman and his subsequent position was created in recognition of faithful service.

Disability is defined by § 2 (10), 33 U.S.C.A. § 902(10), as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." Provision for permanent partial disability is contained in § 8(c) (21), 33 U.S.C.A. § 908(c) (21), as follows: "In all other cases in this class of disability the compensation shall be 66⅔ per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise, payable during the continuance of such partial disability . * * *." The language of subdivision (e) of the same section, relating to temporary partial disability, is in all material respects the same as that of subdivision (c) (21).

Earning capacity is the ultimate fact to be determined. Wages received after disability, while evidence of earning capacity, are not conclusive either one way or the other. Compare Candado Stevedoring Corp. v. Locke, 2 Cir., 63 F. 2d 802. Ability to earn, rather than wages actually received, is normally the test. Hartford Accident & Indemnity Co. v. Hoage, 66 App.D.C. 163, 85 F.2d 420; Luckenbach Steamship Co. v. Norton, 3 Cir., 96 F.2d 764. Under state compensation acts, also, it has frequently been held that the right of the injured workman to

516

compensation for impaired earning capacity is not necessarily lost or diminished by reason of his return to work at the wage theretofore earned. Roller v. Warren, 98 Vt. 514, 129 A. 168; Postal Telegraph Cable Co. v. Industrial Accident Commission of California, 213 Cal. 544, 3 P.2d 6; Gailey v. Peet Bros., 98 Kan. 53, 157 P. 431; Clark v. Kennebec Journal Co., 120 Me. 133, 113 A. .51, 52; High v. Liberty Coal & Coke Co., 207 Ky. 197, 268 S.W. 1095; Schneider, Workmen's Compensation Law, Vol. 2 (2d Ed.), p. 1441.

■ Under the Longshoremen's Act the right to compensation is barred unless claim is filed within one year after the injury, or within the same period after the last voluntary payment of compensation. § 13(a), 33 U.S.C.A. § 913(a). The authority of the deputy commissioner to review is likewise limited to one year after the rejection of .a claim or after the last payment of compensation. § 22, 33 U.S.C.A. § 922. If the act is construed in the manner contended for its purpose may be defeated by the employer's continuing for the space of a year to pay wages to a partially disabled employee at the former rate. Luckenbach Steamship Co. v. Norton, supra. Compare O'Esau v. E. W. Bliss Co., 188 App.Div. 385, 177 N.Y.S. 203. In the situation before us, the claimant has no assured future. Any change in circumstances may separate him from employment so precarious—changes in management, altered business conditions suggesting the need for economy, patience worn thin under a profitless burden. If the present claim is rejected, it is difficult to discover a remedy the injured man may have hereafter.

■ The award is attacked for a further reason said not heretofore to have been considered in the analogous federal cases. The provisions of § 8(c) and (e) of the Longshoremen's Act were taken from § 15 of the Workmen's Compensation Law of the state of New York, Consol.Laws, c. 67. Candado Stevedoring Corp. v. Locke, supra. It is claimed that at the time of the enactment of the Longshoremen's Act these provisions of the New York statute had a known and settled construction to the effect that an employee is entitled to

no award of compensation where he has suffered no decrease in wages because of an injury, a construction Congress must be deemed to have adopted. Capital Traction Co. v. Hof, 174 U.S. 1, 19 S.Ct. 580, 43 L.Ed. 873; Marlin v. Lewallen, 276 U.S. 58, 62, 48 S.Ct. 248, 72 L.Ed. 467; Marshall v. Andrew F. Mahony Co., 9 Cir., 56 F.2d 74. A number of New York cases are cited which are said to support this rule. Four of them were decided prior to the passage of the federal act on March 4, 1927.

The first of these, Humphreys v. Chevrolet Motor Co., 1920, 191 App.Div. 4, 181 N.Y.S. 3, is not in point. The court merely observed, by way of dictum, that if an employee, after injury, continues to earn the same wages as before, and then, at his own request, is moved to a different job at a less wage, he is not entitled to compensation. Jordan v. Decorative Co., 1921, 230 N.Y. 522, 130 N.E. 634, does not support appellant's contention. It was there held only that a worker whose earning capacity has not been impaired by the injury is not entitled to compensation where he wilfully remains idle. Gillespie v. McClintic-Marshall Co., 1925, 215 App.Div. 734, 212 N.Y.S. 88, also involved a case of wilful refusal to work. The only New York case prior to 1927 which in any way tends to support the position of appellants is Pottle v. William H. Atkinson Co., 1925, 215 App.Div. 739, 212 N.Y.S. 902, in which the Supreme Court of New York, Appellate Division, rendered a memorandum decision reversing and remitting an award "on the ground that the award is made for a period during part of which claimant was employed, and for which he received his regular pay." That case, sketchy and truncated as the decision is, cannot fairly be said to have established a known and settled construction of the character contended for. And compare Candado Stevedoring Corp. v. Locke, supra, 63 F.2d at page 803.

Conceding that the later New York decisions have laid down such rule,[1] they are inapposite for the purpose of determining historically the Congressional intent.

The insurance company in the instance before us has no reason to complain of

[1] See Sullivan v. G. B. Seely Son, 1929, 226 App.Div. 629, 236 N.Y.S. 377, affirmed 252 N.Y. 621, 170 N.E. 167; Griffin v. Cruikshank Co., 1929, 227 App. Div. 831, 237 N.Y.S. 786; Beach v. Travelers' Ins. Co., 1931, 233 App.Div. 55, 252 N.Y.S. 1, 4; Nagy v. Adwol Co., 1931, 234 App.Div. 903, 254 N.Y.S. 961.

the award, and as for the employer, he carries the key to the situation in his own pocket.

 Appellants should have filed their bill as a libel on the admiralty side of the district court. Crowell v. Benson, 285 U. S. 22, 37, 49, 52 S.Ct. 285, 76 L.Ed. 598. We have considered the merits for the guidance of the court below, as if we were reversing a case at law for an erroneous instruction, and nevertheless passing on questions of evidence certain to arise in a new trial. The cause is remanded with instructions to treat the bill as a libel, the motion to dismiss as an exception to its sufficiency (Admiralty Rule Sup.Ct. 27, 28 U.S.C.A. following section 723), and to enter a decree of dismissal.

The decree is vacated, with instructions to transfer to admiralty docket and decree a dismissal.

MATHEWS, Circuit Judge (Concurring).

This suit was brought by appellants, Twin Harbor Stevedoring & Tug Company and Fireman's Fund Insurance Company, against appellees, William A. Marshall, as Deputy Commissioner of the United States Employees' Compensation Commission, and Otto Hugo, in the District Court of the United States for the Western District of Washington, under § 21(b) of the Longshoremen's and Harbor Workers' Compensation Act.[1]

The suit was brought in the right court, but on the wrong side of the court. It was brought in equity. It should have been brought in admiralty. The Longshoremen's and Harbor Workers' Compensation Act is part of the maritime law of the United States. The jurisdiction conferred by § 21(b) is admiralty jurisdiction. Crowell v. Benson, 285 U.S. 22, 36–65, 52 S.Ct. 285, 76 L.Ed. 598;[2] Crescent Wharf & Warehouse Co. v. Pillsbury, 9 Cir., 93 F.2d 761, 762. See, also, Alaska Packers Ass'n v. Pillsbury, 301 U.S. 174, 175, 57 S.Ct. 682, 81 L.Ed. 988.[3]

That the court may, in a suit under § 21(b), issue an injunction, mandatory or otherwise, does not make the court an equity court or the suit an equity suit. Injunctions may be issued in admiralty as well as in equity. Crowell v. Benson, supra, 285 U.S. page 49, 52 S.Ct. 285, 76 L.Ed. 598. By providing for injunction proceedings, Congress "contemplated a suit as[4] in equity" (Id., 285 U.S. page 63, 52 S.Ct. page 297, 76 L.Ed. 598), but it did not contemplate a suit in equity. It did contemplate a suit in admiralty.

Appellants' libel—called a bill of complaint—alleges, in substance, that, after a hearing pursuant to the Longshoremen's and Harbor Workers' Compensation Act,[5] appellee Marshall, as Deputy Commissioner, made findings of fact and a compensation order whereby compensation, to be paid by appellants, was awarded to appellee Hugo for claimed disability found to have resulted from an accidental injury sustained by him while employed by appellant Twin Harbor Stevedoring & Tug Company in maritime employment upon navigable waters of the United States.

The libel states, in effect, that the Deputy Commissioner's findings are not supported by evidence, and that, therefore, the compensation order is not in accordance with law. This, however, is a mere conclusion, and not a correct one. A certified copy of the findings and a transcript of the evidence taken at the hearing were filed in the District Court and were, by reference, made a part of the libel. The evidence amply supports the findings.

Appellee Marshall excepted[6] to the libel on the ground, among others, that the facts therein stated were not sufficient to entitle appellants to any relief. The exception was well founded, but, as a court of equity, the District Court was not empowered to sustain the exception. Attempting to do so, it erred.

The decree should be vacated, and the case should be remanded with directions to transfer it to the admiralty docket[7] and to enter a decree in admiralty, sustaining the exception and dismissing the libel.

---

[1] 44 Stat 1436, 33 U.S.C.A. § 921(b).

[2] Affirming Crowell v. Benson, 5 Cir., 45 F.2d 66, which affirmed Benson v. Crowell, D.C., 33 F.2d 137; Id., D.C., 38 F.2d 306.

[3] Reversing Pillsbury v. Alaska Packers Ass'n, 9 Cir., 78 F.2d 587; Id., 9 Cir., 85 F.2d 758.

[4] Emphasis supplied.

[5] Sections 19, 23 (44 Stat. 1435, 1437, 33 U.S.C.A. §§ 919, 923).

[6] The exception was called a motion to dismiss.

[7] Compare Crowell v. Benson, 285 U.S. 22, 37, 52 S.Ct. 285, 76 L.Ed. 598.