Per Curiam.

In this appeal the payment of an award of disability compensation to claimant is resisted upon the ground *193 that his employer paid him his full wages during the period of disability for which the award has been made.
It is conceded that the wages aforesaid were paid. They exceeded in both amount and rate the sum awarded by the Referee’s decision which the board has affirmed. The employer filed no claim for reimbursement. Appellants contend that the employer’s payment of wages during the period of disability was the legal equivalent of the compensation which has been awarded and that therefore the award thereof should have been rescinded. The case of Matter of Sullivan v. Seely Son, Inc. (226 App. Div. 629, affd. 252 N. Y. 621) upon which appellants chiefly rely, supports their contention. However, that case was decided prior to the 1930 amendment to section 25 of the Workmen’s Compensation Law. (L. 1930, ch. 316, § 3, in effect July 1, 1930.) By that amendment it is now provided that: “ If the employer has made advance payments of compensation, or has made payments to an employee in like manner as wages during any period of disability, he shall be entitled to be reimbursed out of an unpaid instalment or instalments of compensation due, provided his claim for reimbursement is filed before compensation is paid, or, if insured, by the insurance carrier at the direction of the board, unless he shall file a waiver of reimbursement with the chairman, in which event compensation shall be paid to the claimant notwithstanding the advanced payments.” The aforesaid 1930 amendment added the latter part of the portion of the quoted statute which directs payment of compensation notwithstanding the advance payment in the event the employer fails to file a waiver of reimbursement. We regard this as a statutory negation of the rationale which made for the decisions in Matter of Sullivan v. Seely Son, Inc. (supra) and some earlier cases. The statute makes reimbursement conditional upon the employer’s filing a claim therefor prior to the time the award of compensation is made. (Matter of Poveromo v. Taylor, 275 App. Div. 518, affd. 301 N. Y. 513.) Therefore, when there has been a failure to seasonably file such a claim and an award is made for which an insurance carrier is liable, the resultant situation appears to be the same as though a claim for reimbursement had been duly filed and thereafter duly waived, in which event the statute now directs the payment of the awarded compensation notwithstanding the advanced payments made by the employer. We think, therefore, that the 1930 amendment was intended to apply to the situation here presented.
*194 The hoard’s findings as to claimant’s having suffered a compensable accident and the finding as to injury and causal relation are sustained by the evidence.
The decision should be, affirmed.
Poster, P. J., Brewster, Deyo, Bergan and Coon, JJ., concur. Decision affirmed, without costs.