In the Matter of the Claim of FRANK M. BIRMINGHAM, Respondent, against CITY OF NIAGARA FALLS, Appellant, and STATE INSURANCE FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer from a decision and award of the Workmen's Compensation Board which denied it reimbursement for wages paid to claimant during the period of disability involved. Claimant was employed as a paid fire captain of the fire department of the city of Niagara Falls. On January 2, 1949, he suffered injuries in the course of his employment. Pursuant to section 207-a of the General Municipal Law the city paid claimant his full wages during the entire period of his disability. In addition to his full wages claimant has been awarded $32 per week compensation. The appellant city filed a timely claim for reimbursement. Section 25 of the Workmen's Compensation Law provides for reimbursement "if the employer has made advance payments of compensation, or has made payments to an employee in like manner as wages during any period of disability". We think that these payments of full wages during the period of disability are "payments to an employee in like manner as wages" even though made under the compulsion of section 207-a of the General Municipal Law. To hold otherwise would mean that the employee actually profits from workmen's compensation and is receiving double benefits. Were the city a self-insurer it would mean that it would be required to pay both full wages and compensation benefits. We do not think that this is the intent and purpose of the Workmen's Compensation Law. The city was not required to carry insurance on this employee and by doing so it should not be penalized to the benefit of the employee over and above his full wages. (*Matter of Sullivan* v. *Seely Son,* 226 App. Div. 629, affd. 252 N. Y. 621.) Section 30 of the Workmen's Compensation Law was amended by chapter 812 of the Laws of 1951 to expressly allow credit for payments made to a paid fireman under section 207-a of the General Municipal Law "where the injury occurred or disablement arose on or after May first, nineteen hundred fifty-one." We do not think that this amendment changed the law as it existed prior thereto but merely clarified it and mandated the credit by statute after the date mentioned. Award reversed, and the matter remitted to the Workmen's Compensation Board for proceedings in accordance herewith, with costs to appellant against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.