In the Matter of the Claim of RICHARD BETT, Appellant, v BETHLEHEM STEEL CORPORATION et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 20, 1976

*Berg & Cornell (Gary J. Schmitt* of counsel), for appellant.

*Ohlin, Damon, Morey, Sawyer & Moot (Terrence M. Connors* of counsel), for Bethlehem Steel Corporation and another, respondents.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

KOREMAN, P. J. Claimant was employed in two jobs for several years, one as a fireman for the City of Lackawanna and the other as a railroad engineer for Bethlehem Steel Corporation. On February 4, 1971 claimant was injured in the course of his employment as a fireman, sustaining a ruptured disc, as a result of which he became totally disabled from both employments in March, 1973. The City of Lackawanna continued to pay claimant his full salary. On March 8, 1973, claimant filed a claim for disability benefits against his other employer, Bethlehem Steel Corporation, under the Disability Benefits Law (Workmen's Compensation Law, art 9) and the claim was rejected by that employer's insurance carrier. The board concluded that claimant's disability resulted from an injury arising out of and in the course of an employment, and consequently, no disability benefits are payable, in accordance with subdivision 9 of section 201 of the Workmen's Compensation Law.

On this appeal claimant argues that since the definition of employment under the Disability Benefits Law excludes services performed for a municipal corporation (Workmen's Compensation Law § 201, subd 6, par A), the board was in error in basing its denial of disability benefits to the claimant on the injury and disability sustained in the course of his employment as a city fireman. We do not agree.

The definitions contained in the statute deal with coverage only, and indicate that municipal employees may not receive disability benefits from their employer, the municipality, not that injuries sustained in the service of a municipality do not arise out of such employment. Moreover, by the enactment of chapter 206 of the Laws of 1966 the Legislature amended section 212 of the Workmen's Compensation Law to permit a municipal corporation to become a covered employer under the Disability Benefits Law and to pay disability benefits to municipal employees "[n]otwithstanding the definition of * * * 'employment' in section two hundred one of this article". Since, therefore, claimant was disabled as a result of an injury sustained in the performance of his duties as a fireman, the board properly concluded that he was not entitled to disability

benefits (Workmen's Compensation Law, § 201, subd 9). We find no merit in the additional argument advanced by the claimant that the Disability Benefits Law does not contemplate the instant situation where the claimant was employed in two full-time occupations. In such case, it is contended that eligibility for disability benefits from one employer should not be affected by the fact that he has another full-time employer. The answer is simply that the language of the statute referring to "an employment" clearly indicates that in order to be eligible for disability benefits, the disability must not arise out of *an* employment, and that it must have occurred outside the scope of *any* employment.

The board's determination disqualifying claimant from receiving disability benefits is based solely on the ground that his disability is the result of an injury arising out of and in the course of an employment. We conclude that claimant is also disqualified from benefits for the reason that during the period in question he was paid the full amount of his wages as a fireman. While there is some suggestion in the record that full wages were paid to the claimant under a collective bargaining agreement between the city and the firemen's union, there can be no question that the city was obligated to pay full wages to this claimant under section 207-a of the General Municipal Law. Since, therefore, benefits were "paid or payable" to the claimant under that statute, he would not be eligible for benefits under the Disability Benefits Law (Workmen's Compensation Law, § 206, subd 1, par [c]). (See, also, *Szybura v City of Elmira*, 28 AD2d 1154; *Matter of Birmingham v City of Niagara Falls*, 282 App Div 970.)

The decision should be affirmed, without costs.

GREENBLOTT, MAHONEY, MAIN and HERLIHY, JJ., concur.

Decision affirmed, without costs.