OPINION OF THE COURT
Victor J. Orgera, J.
This motion to dismiss the second affirmative defense of defendants alleging that plaintiffs’ exclusive remedy is under the Workers’ Compensation Law and for summary judgment, or, in the alternative, restoring the action to the Trial Calendar is denied.
Plaintiff Frank Gyory and defendant Radgowski, as employees of Fairchild Hiller, were sent to Ohio on their employer’s business. While there, Gyory was injured when the car rented by the employer from defendant Hertz and driven by Radgowski ran off the road. The employer’s workers’ compensation carrier issued compensation checks to Gyory, who returned them uncashed.
On a prior motion to dismiss the same defense, the Appellate Division, in affirming Special Term, ruled that the question of whether workers’ compensation is the exclusive remedy must await a trial of the action. (Gyory v Radgowski, 48 AD2d 832.)
When the matter came on for trial, it was determined that there was no issue that Gyory and Radgowski were *440 both employed by the same employer or that the employer had workers’ compensation insurance. The issue as to whether the plaintiff was acting in the course of his employment at the time of the accident was not, however, determined because of the ruling of O’Rourke v Long (41 NY2d 219), which held that the unavailability of workers’ compensation benefits is a matter which must be pleaded and proved by the plaintiff. As the plaintiff had neither alleged nor proven the unavailability of compensation benefits, the court declared a mistrial, struck the case from the Trial Calendar, but granted leave to the plaintiffs to amend their pleadings and to restore upon a determination by the Workers’ Compensation Board that compensation benefits were not available.
Thereafter, according to the affidavit of the plaintiffs’ attorney, a workers’ compensation hearing was held on December 5, 1980, resulting in the plaintiffs’ claim being disallowed and the case marked closed. In support of this statement is a Workers’ Compensation Board notice of decision form which recites: “Decision: Case was Closed. Claim Disallowed.” Not included in the plaintiffs’ papers, but now supplied by the defendant without objection, is an abstract of the minutes of the hearing before Judge Camoia. When the Judge asked the plaintiff if he wished to make a compensation claim, the plaintiff responded, “No, Sir.” The Judge refused to rule on the issues because the plaintiff “is not pursuing the claim. No one can force him to pursue a workmen’s compensation claim if he doesn’t want one.” Later he said “the case was closed. So far as I am concerned, there is no compensation claim.”
It has now been brought to the attention of the court that after Gyory returned the workers’ compensation checks he applied for disability benefits under article 9 of the Workers’ Compensation Law. The referee who conducted the contested hearing on this claim held that Gyory’s “accident and the resulting injuries arose out of and during the course of his employment and claimant is not entitled to Disability Benefits.” The three-member panel of the Workers’ Compensation Board, in a decision filed November 5, 1976, reviewed the evidence relating to the accident and affirmed the decision of the referee.
*441 Workers’ compensation benefits and disability benefits are mutually exclusive. Where the disability arises out of the course of employment workers’ compensation benefits are available; if not in the course of employment, then disability benefits (Matter of Bett v Bethlehem Steel Corp., 55 AD2d 70). A decision of the Workers’ Compensation Board is final on all questions within its jurisdiction unless reversed or modified on appeal (Workers’ Compensation Law, §23). It does not appear that the board’s decision denying disability benefits because the disability arose from the course of employment was ever appealed and that decision is final on that issue.
Where the availability of workers’ compensation rests upon the resolution of facts or upon mixed questions of fact and law, a plaintiff may not choose the courts as the forum for the resolution of these questions (O’Rourke v Long, supra). Here, while the court cannot compel the plaintiff to pursue his workers’ compensation entitlement, the fact that they were available and that the question of his injuries arising out of his employment was answered in the affirmative by a body having jurisdiction, negates his claim to relief in the courts.
Ever since the holdings in Naso v Lafata (4 NY2d 585) and Rauch v Jones (4 NY2d 592) the negligence of the operator of a vehicle resulting in injuries to a fellow employee is not imputable to the owner of the vehicle. Thus, no cause of action is stated against defendant Hertz Corp.
Accordingly, the motion is denied in all respects and the complaint is dismissed.