## FLORES v. BAY RIDGE OPERATING CO., Inc.

### No. 13.

Circuit Court of Appeals, Second Circuit.

Nov. 2, 1942.

Sidney L. Masone, of New York City (Philip F. Di Costanzo, of Brooklyn, N. Y., on the brief), for plaintiff-appellee.

Robert P. Nash, of New York City (Kirlin, Campbell, Hickox, Keating & McGrann and Vernon S. Jones, all of New York City, on the brief), for intervening defendant-appellant.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This appeal raises the question whether the Deputy Commissioner of the United States Employees' Compensation Commission was in error, as the district court held, in making an award to plaintiff based upon a finding of partial, instead of total, disability. Plaintiff, a longshoreman, suffered an injury to his back sometime during the fall of 1937 [1] while at work for the intervening defendant here, unloading a vessel at a Hudson River pier. Although there was medical opinion to the effect that within four months after the injury plaintiff was only partially disabled, the Commissioner awarded compensation based on total disability for a period of fifty-four weeks and until December 1, 1938. He found, however, that thereafter plaintiff had an earning capacity of $10 a week, and hence reduced the award to plaintiff thereafter to $11.33 a week, or two-thirds of $17, instead of the previous rate of $18 a week, or two-thirds of $27, his average weekly earnings.

---

[1] From the record the date seems a movable one. The plaintiff and one finding of the Commissioner give November 18, 1938; but this is shown to be clearly erroneous by the medical reports. The employer gives October 28, 1937; while other findings of the Commissioner give November 18, 1937, which is the date testified to by the plaintiff himself.

The effect of the district court's order is to restore the larger award.

There was ample and extensive medical testimony covering the period from the injury to the hearings held in the fall of 1940, showing only partial disability, at least after December 1, 1938, and recommending that plaintiff do "light work." There was some difference of view as to how permanent this disability might prove to be; but that has no immediate importance. The only ground of reversal was that the employer had the burden of showing the availability of such light work. Plaintiff gave testimony of some more or less indefinite attempts to find such light work on the docks, but the Commissioner felt that no active desire to work was shown on plaintiff's part, saying: "This man hasn't any idea in the world of ever doing anything but just sitting down and let the rest of the world go by." The evidence clearly sustained the Commissioner's conclusions, which, indeed, seem the reasonable ones under the circumstances. Reversal of his findings must therefore rest wholly upon the procedural point as to the burden of proof. For its ruling the district court relied upon Eastern S. S. Lines v. Monahan, D.C.Me., 21 F.Supp. 535; Eastern S. S. Lines v. Monahan, D.C.Me., 26 F.Supp. 944, affirmed, 1 Cir., 110 F.2d 840.

■ We do not find in these cases such an automatic rule of procedure as is here claimed, nor do we think one desirable or proper under the circumstances. Indeed, these cases stress the limitations under which courts must act, namely, to determine only whether there was sufficient evidence to sustain the Commissioner's findings. If there was, it is well settled that the courts should not interfere. Voehl v. Indemnity Ins. Co. of North America, 288 U. S. 162, 53 S. Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245; Grain Handling Co. v. Sweeney, 2 Cir., 102 F.2d 464, certiorari denied 308 U.S. 570, 60 S.Ct. 83, 84 L.Ed. 478.

■ Here the ultimate question for the Deputy Commissioner under the Longshoremen's and Harbor Workers' Compensation Act was the decrease in the employee's "wage-earning capacity after the injury in the same or another employment." 33 U.S. C.A. § 908(e). In Candado Stevedoring Corp. v. Locke, 2 Cir., 63 F.2d 802, this court pointed out that not actual earnings, but earning capacity, must be the test of the compensation to be awarded. To the same effect are Twin Harbor Stevedoring & Tug Co. v. Marshall, 9 Cir., 103 F.2d 513, 515; Luckenbach S. S. Co. v. Norton, 3 Cir., 96 F.2d 764; and Hartford Accident & Indemnity Co. v. Hoage, 66 App.D.C. 163, 85 F.2d 420. It is true that in the two Monahan cases the courts found, as an element supporting the Deputy Commissioner's findings, the lack of showing of available light work for men who had obviously tried in good faith to perform work available to them and who were proven, by reason of age, illiteracy, mentality, or other factors, to be unfitted for ordinary types of activity. Under such circumstances of a man left a "nondescript" in the labor market, available only for light work of an uncommon nature, lack of such available work obviously bore directly upon real earning capacity and justified findings that there was total disability. See, also, Travelers Ins. Co. v. Norton, D.C.E.D.Pa., 43 F.Supp. 531, 533.

■ The Act itself provides that in cases of partial disability, where the employee has no actual earnings or his actual earnings do not fairly and reasonably represent his wage-earning capacity, the Deputy Commissioner "may, in the interest of justice, fix such wage-earning capacity as shall be reasonable, having due regard to the nature of his injury, the degree of physical impairment, his usual employment, and any other factors or circumstances in the case which may affect his capacity to earn wages in his disabled condition, including the effect of disability as it may naturally extend into the future." 33 U.S.C.A. § 908(h). This statute would seem to leave no room for the application of artificial rules of procedure to control the Deputy Commissioner's decision after evidence of the type here present is fully before him. Indeed, the Circuit Court of Appeals in Eastern S. S. Lines v. Monahan, supra [110 F.2d 842], expressly disclaimed a judgment as to the burden of proof, since "the real question" before them was whether there was substantial evidence to sustain the Deputy Commissioner's findings. Here that official has reached a conclusion well within the authority and discretion committed to him by law, in a type of case where administrative adjudication is pre-eminently desirable. We think his conclusion should not be overturned by the courts. Summary judgment should have been denied the plaintiff, but granted to the defendant.

Reversed.