**ST. REGIS PAPER CO. v. McMANIGAL, Deputy Com'r of U. S. Employees' Compensation Commission.**

District Court, N. D. New York.
Feb. 6, 1946.

Supplemental Opinion June 6, 1946.

Cullen, Norris, Reynolds & Tripp, of Watertown, N.Y. (Stephen A. McKay, of Watertown, N.Y., of counsel), for plaintiff.

Irving J. Higbee, U. S. Atty., of Syracuse, N.Y. (Edmund Port, of Syracuse, N.Y., and H. P. Miller, of New York City, of counsel), for defendant.

BRENNAN, District Judge.

This proceeding involves the review of a compensation order.

Plaintiff, an employer, seeks pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., to suspend and set aside an order awarding compensation dated March 12, 1945, made by the defendant in his official capacity. The award in question supplements a previous award made herein on March 16, 1936, and directs the payment by plaintiff of money compensation by reason of the temporary partial disability of the claimant between March 16, 1936 and August 16, 1944, and further directs the payment of certain medical and hospital expenses incurred by the claimant in the year 1944.

This proceeding is based upon the provisions of the Act above referred to and more particularly upon Title 33 U.S.C.A. § 921.

A brief resume of the facts is necessary to the disposition of the issues involved.

On June 23, 1934, Alfred Sargent was employed by the plaintiff on the vessel Aycliffe Hall, which at the time was moored in the St. Lawrence River near the village of Waddington, within the Northern District of New York. In the course of his employment he was struck by falling pulp wood, receiving back or spinal injuries which without dispute resulted in his hos-

pitalization and attendant disability. Sargent made a claim under the provisions of the Longshoremen's Act, and on March 16, 1936, he was awarded compensation for temporary total disability and for temporary partial disability in the amount of $1,736.68. The award so made recited in substance that the claimant was fully recovered from the effects of the accident and injury, and that no permanent disability resulted therefrom.

In September, 1944, upon application made in behalf of Sargent, the case or claim was re-opened and a further hearing was held before the defendant at Ogdensburg, New York, on December 11, 1944. At that hearing the claimant appeared in person and by his attorney. The plaintiff appeared by its representative. The claimant offered evidence which tended to show that in fact he had not recovered from the effects of the accident on June 23, 1934; that while he had been employed by one employer from about the time of the first compensation award in 1936, to the time of the hearing, he was unable to do work which required him to stand upon his feet for any length of time, and that he was unable to work steadily during the period of time above referred to. He received no medical treatment, however, from January, 1936, until about August 14, 1944, when he consulted Dr. Free, who diagnosed his case as caused by herniated discs between the third and fourth and fourth and fifth lumbar vertebrae. A portion of the two discs were removed by an operation performed upon the claimant by Dr. Free on August 17, 1944. The Doctor testified that claimant would be able to do his work and would have no permanent disability after the lapse of a period from three to six months from the date of the operation.

The claimant detailed a history of pain and discomfort in his back over the period of time from the date of the accident until the date of the operation performed by Dr. Free. He testified that he had received no injury except the one sustained on June 23, 1934. The Doctor on direct and cross examination gave evidence from which the Hearing Commissioner concluded that the condition of claimant found by the Doctor in August, 1944, was caused by the injury of June 23, 1934, and that claimant's resulting disability was caused by the same accident and was, therefore, compensable.

The claimant offered in evidence as a basis for the determination of his earnings the payroll record of his employer for the years 1936 to 1944. This payroll record was also offered to show the number of hours lost by claimant from his employment.

Upon such evidence the defendant Commissioner made an award to the claimant, the validity of which is put in issue in this proceeding.

Concisely, plaintiff contends: (a) that the finding that plaintiff's disability existed subsequent to January 6, 1936, and was caused by the injury of June 23, 1934, has no support in the evidence, and, therefore, the award based thereon is invalid; (b) that the award is excessive and in violation of the provisions of Title 33 U.S. C.A. § 908(e); and (c), that the method or basis which the defendant used in determining the rate of compensation is erroneous in fact and in law.

In this proceeding the court's duty is limited to a determination as to whether there is evidence to support the award.

"In considering those provisions of the Act in the Bassett case we held that the District Court was not warranted in setting aside such an order because the court would weigh or appraise the evidence differently. The duty of the District Court, we said, was to give the award effect. 'If there was evidence to support it.' South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, at 258, 60 S.Ct. 544, 548, 84 L.Ed. 732. And we stated that the findings of the Deputy Commissioner were conclusive even though the evidence permitted conflicting inference." Norton v. Warner Co., 312 U.S. 565 at page 568, 64 S.Ct. 747, 749, L.Ed. 931.

The rule is so generally recognized that citation of further authority is unnecessary.

This Court cannot evaluate or appraise evidence. Claimant's history of pain, discomfort and disability dating back to the accident, and the Doctor's testimony of the obscure nature of the injury supports the finding of the Commissioner. It is true that the Doctor's testimony as to causation

of claimant's disability in 1944 fails to meet the rigid test sometimes applied in actions at law. Formal rules of evidence are not applicable here. Title 33 U.S.C.A. § 923 (a). An examination of the record shows that the Commissioner, the claimant's attorney and the representative of present plaintiff all understood the Doctor's testimony to mean that in his opinion the condition discovered in 1944 was the result of the accident of 1934. The finding of the Commissioner as to the existence of the disability and its causation is supported by evidence within the rule referred to above. Great American Indemnity Co. v. Cardillo, 77 U.S.App.D.C. 306, 135 F.2d 241.

■ It seems to be conceded that the award as made, violates the provisions of Title 33 U.S.C.A. § 908 (e), as claimed by plaintiff in that it provides for a payment to the claimant for " * * * temporary partial disability resulting in loss of wage earning capacity * * * " for a period exceeding five years. This error is apparent and to the extent that such award requires such payment in excess of the five year period the award is not in accordance with law. This error could be corrected by a modification of the award by eliminating therefrom the requirement that the plaintiff pay to the claimant the sum of $10.69 per week from August 16, 1940, to August 16, 1944, but it is evident that the case must be remanded since, if the loss in wage earning capacity is not compensable after August 16, 1940, claimant's earnings after that date, or his time lost after that date due to disability, may not be used to determine his loss in wage earning capacity.

Since the case must be remanded to the Commissioner to redetermine claimant's money loss and wage earning capacity, (Title 33 U.S.C.A. § 908 (e) (h), it is clear that additional evidence must be taken. The payroll record introduced in evidence and considered by the Commissioner shows only annual earnings, and since the time during which the claimant may be compensated expired August 16, 1940, it is clear that additional evidence must be offered to show his earnings or time lost to August 16, 1940, rather than to include the whole period for which claimant made claim in the Commissioner's computation.

The plaintiff has urged that the payroll record as offered and received in evidence affords no legal basis for the determination by the Commissioner of claimant's loss in wage earning capacity. It is not necessary to decide that question at this time, since further evidence apparently must be taken as above indicated, and it would not be the Court's intention to limit the Commissioner in the receipt of evidence offered either by claimant or employer which would be of aid to him in determining the question before him.

The case is remanded to the defendant to correct the award so that claimant shall not be paid for a period exceeding five years, and to re-determine or compute any decrease in claimant's wage earning capacity, as indicated herein.

The Commissioner may hear evidence offered by a party to the proceeding before him bearing upon the questions above referred to.

A record of all the proceedings had before the Commissioner upon this remand shall be returned to this Court to be considered in this proceeding.

Order may be issued accordingly.

### Supplemental Opinion

On February 6, 1946, the Court in an opinion filed on that day remanded the proceeding to the defendant in order that he might correct an error in the award which plaintiff seeks to set aside in this proceeding. Such award granted compensation to the claimant for a period in excess of that which may be allowed under the statute. The correction to be made was essentially a mathematical one, although it did involve the determination of the weekly money loss in wage earning capacity of the claimant.

The defendant has now made such correction and has returned to this Court the transcript of additional evidence taken, "Corrected Supplemental Findings of Fact" and "Corrected Supplemental Award of Compensation". The Court considers same as a modification or correction of the award involved in this proceeding, and will proceed to decide the issues herein, considering such correction as part of the record before it.

The action of the defendant eliminates the necessity of discussing the plaintiff's contention that the award violates the provisions of Title 33 U.S.C.A. § 908 (e), in that the period beyond the statutory limit of five years for which such compensation may be awarded has been eliminated.

 There remains only plaintiff's contention that the record affords no legal basis for the determination by the Commission of claimant's loss in wage earning capacity. The record indicates that there was received in evidence a transcript of payroll records showing the days worked and the earnings of claimant during the period when it was found that he suffered a temporary partial disability. The rule that wages earned by a disabled workman do not conclusively establish "wage earning capacity" seems to be well recognized. Earning capacity, rather than actual earnings, must be the test of the compensation to be awarded. Flores v. Bay Ridge Op. Co., 2 Cir., 131 F.2d 310.

However, in this case the claimant in addition to the payroll record showing his earnings, testifies as to hours lost on account of actual illness. He offers evidence of pain and discomfort during such period of partial disability and of his inability to perform labor of a heavy nature such as performed by him prior to the accident. He testifies of his inability to perform labor requiring a standing position, and of his efforts in that respect. This evidence is supported by medical testimony. The plaintiff offers no evidence to dispute the claimant's contention of loss of wage earning capacity or of the amount thereof. The Commissioner had the opportunity of observing the claimant as a witness. His was the duty of weighing the evidence.

The finding that partial disability existed has ample support in the evidence. The extent of such disability is not a matter which may be precisely measured, but claimant's apparent willingness to work, as indicated by the payroll records, together with the evidence of the limitations imposed upon him on account of his physical condition afforded a evidentiary basis for the finding made as to his wage earning capacity. Crowell, Deputy Com. v. Benson, 285 U.S. 22 at pages 46, 47, 52 S.Ct. 285, 76 L.Ed. 598; Luckenback S. S. Co. v. Norton, Deputy Com., 3 Cir., 96 F.2d 764. Since same equalled his actual earnings, the provisions of Title 33 U.S.C.A. § 908 (e) (h) were properly applied.

The award as modified and corrected is in accordance with law, Title 33 U.S.C.A. § 921.

The petition is, therefore, dismissed.