BUZA v. PARKER, Deputy Com'r, Fourth
Compensation Dist. et al.
No. 2882.

District Court, D. Maryland.
March 14, 1947.

I. Duke Avnet, of Baltimore, Md., for plaintiff.

Bernard J. Flynn, U. S. Atty., and C. Ross McKenrick Asst. U. S. Atty., both of Baltimore, Md., for the United States.

Jesse Slihgluff, Jr., of Baltimore, Md., for Bethlehem Steel Corp.

·CHESTNUT, District Judge.

The complaint in this case seeks to set aside an award made by the Deputy Commissioner under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., because not in accordance with the law.

The plaintiff is a longshoreman qualified and acting as a first class rigger.· While employed by the Bethlehem Steel Company, and working on a ship in the Baltimore Harbor on December 3, 1943, he slipped and fell in the engine room, a distance of 25 or 30 feet, striking and injuring his head and one arm and wrist. He was rendered unconscious and removed to a hospital where he received appropriate treatment. There was no fracture of the skull but he sustained the following injuries: Fracture of the zygomatic arch close to the malar bone; comminuted fracture of the right radius; slight fracture of the cuneiform bone and dislocated left thumb. In a few days he was discharged from the hospital and shortly thereafter returned to his employment, being given light work for about three months and then at his own request, resumed his ordinary work as a rigger. He was paid by the employer for temporary total disability from December 4th to December 12th, 1943. In due course he filed a claim for further compensation which, after considerable postponement, was heard by the Deputy Commissioner with extended testimony submitted by the plaintiff and medical and other witnesses, on October 22nd and November 19th, 1946.

On November 29, 1946 Deputy Commissioner E. V. Parker made findings of fact and order for compensation. In addition to the payments for temporary total disability amounting to $7.14, it was ordered that the claimant was entitled to receive compensation in the aggregate amount of $530 for permanent partial disability of 10% loss of use of the right hand, and additional compensation in the amount of $1750 for permanent partial disability of 35% bilateral deafness. The plaintiff also made claim for still additional compensation under 33 U.S.C.A. § 908(c) (21), which reads as follows: "Other cases: In all other cases in this class of disability the compensation shall be 66⅔ per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise, payable during the continuance of such par-

tial disability, but subject to reconsideration of the degree of such impairment by the deputy commissioner on his own motion or upon application of any party in interest."

Subsection (e) provides: "Temporary partial disability: In case of temporary partial disability resulting in decrease of earning capacity the compensation shall be two-thirds of the difference between the injured employee's average weekly wages before the injury and his wage-earning capacity after the injury in the same or another employment, to be paid during the continuance of such disability, but shall not be paid for a period exceeding five years."

Subsection (h) of § 908 also provides as follows: "The wage-earning capacity of an injured employee in cases of partial disability under subdivision (c) (21) of this section or under subdivision (e) of this section shall be determined by his actual earnings if such actual earnings fairly and reasonably represent his wage-earning capacity: Provided, however, That if the employee has no actual earnings or his actual earnings do not fairly and reasonably represent his wage-earning capacity, the deputy commissioner may, in the interest of justice, fix such wage-earning capacity as shall be reasonable, having due regard to the nature of his injury, the degree of physical impairment, his usual employment, and any other factors or circumstances in * * * his disabled condition, including the effect of disability as it may naturally extend into the future."

The Deputy Commissioner disallowed the claim for such additional compensation for alleged loss of earning capacity. In that connection the Deputy Commissioner found—

"That in the 49 weeks immediately preceding the injury the claimant, working seven days a week, earned the sum of $3174.80, or an average weekly wage of $62.73; * * * *

"That the claimant returned to work with the employer on December 13, 1943, and for a period of about three months was assigned to very light duty in the rigging shop, such as sweeping up and running errands, for which he was paid his regular wage; thereafter the claimant returned to his regular work as a rigger, and has since worked steadily in that capacity; he has worked principally on ships and has performed all of the duties assigned to him by his foreman; he has not been favored by the foreman in the assignment of work and has not asked for special consideration; when necessary he has worked on the king post and the masts of ARL vessels; that the complainant complains of headaches, ringing noises in his ears, and dizziness at times, which are subjective complaints; that since returning to work following the injury, the claimant in 1944 earned an average weekly wage of $73.44; in 1945, $69.78, and in 1946, the work has been generally on a six day basis rather than a seven day week in effect at the time of the injury; that the claimant has not sustained any loss of earning capacity as the result of the injury (sec. 8(c) (21) of the Act)".

The plaintiff in due time filed the instant case to set aside that part of the award which denied compensation for loss in earning capacity. He makes no complaint with regard to the other features of the award.

■ The scope of the review is provided for in section 921(b)—"If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part," etc. By many federal judicial decisions under the Act it is now well settled that in the review of the order the district court is not authorized to weigh the evidence and may not set aside the award made by the Deputy Commissioner, as not in accordance with law, where there was substantial evidence before the Deputy Commissioner to support his finding. Norton v. Warner Co. 321 U.S. 565, 568, 64 S.Ct. 747, 88 L.Ed. 931; Parker v. Motor Boat Sales, 314 U.S. 244, 246, 62 S. Ct. 221, 86 L.Ed. 184; South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732; Cardillo, Deputy Commissioner, v. Liberty Mutual Ins. Co., 67 S.Ct. 801; Travelers Ins. Co. v. McManigal, 4 Cir., 139 F.2d 949; Kropp v. Parker, D.C.Md., 8 F.Supp. 290.

■ After reading and considering all the evidence before the Deputy Commis-

sioner I conclude that there was substantial and sufficient evidence in this case to support the findings by the Deputy Commissioner that are above quoted and made the basis for his order denying compensation for alleged loss in earning capacity. Counsel for the employe correctly states that there may be a distinction between the wages actually earned and "wage-earning capacity". Hartford Accident & Indemnity Co. v. Hoage, 66 App.D.C. 163, 85 F. 2d 420; Burley Welding Works v. Lawson, 5 Cir., 141 F.2d 964, 966; Flores v. Bay Ridge Operating Co. 2 Cir., 131 F.2d 310. But in the instant case the Deputy Commissioner found there was no loss of a wage-earning capacity and there was at least substantial evidence to support that finding. As the Deputy Commissioner has stated in the findings, the employe was duly compensated for his temporary partial disability; and after about ten days he returned to work and has thereafter for nearly three years steadily worked at an average weekly compensation somewhat exceeding that earned by him in about a year prior to his injury. And there was evidence from the foremen supervising his work (especially the witness Carlson) that it has been satisfactorily performed without complaint from them as to his disability or inefficiency. Nor does it appear that he has himself complained to them of inability to do his work or asked for or received any special consideration in the nature of the work assigned to him to perform.

It appears from his own testimony before the Deputy Commissioner that he still complains of headaches and at times a tendency to dizziness which he said would interfere with his efficiency in particular kinds of work within the scope of his duties. But, as pointed out by the Deputy Commissioner, these symptoms are subjective and have not manifested themselves objectively in the regular performance of his duties under steady employment for nearly three years subsequent to the accident.

I conclude, therefore, that the present suit to set aside the award must be dismissed. Counsel may submit the appropriate order in due course.