■ In the Matter of the Claim of JOSE GALVEZ, Respondent, v. GOLD COAST ENTERPRISES, LTD., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Claimant, employed in a restaurant as a pantryman and dishwasher, worked a 6-day week, 10 hours per day during the week and from 14 to 16 hours per day on week ends, for wages of $65 per week plus room and board on the employer's premises. On his day off, he went to his room, rested, and later, while descending a stairway to the kitchen to prepare food for himself, fell and was injured. The board found that "where, as here, claimant received his room and board by virtue of the contract of employment, his slipping on a stairway of the employer's premises while on his way to the kitchen to get something to eat was a risk incidental to his employment, and that the accidental injury which occurred at the time therefore arose out of and in the course of his employment." Appellants contest the award on the grounds that there was no evidence that claimant was required to live on the premises and that when injured he was performing a personal act on his day off and when he was not on call. An award to a resident employee is not necessarily barred because he was injured while performing a personal act on his day off (*Matter of Leonard* v. *Peoples Camp Corp.*, 9 A D 2d 420, affd. 9 N Y 2d 652 [swimming on day off]) or when not subject to call (*Matter of Walker* v. *Narolewski*, 6 A D 2d 735, affd. 7 N Y 2d 835 [fall by employee not subject to call after hours]). It is true that awards have been denied when residence on the premises was permissive and solely for the benefit of the employee (*Matter of Groff* v. *Uzzilia*, 1 A D 2d

273, affd. 2 N Y 2d 840; *Matter of Medina* v. *Shore Road Hosp.*, 4 A D 2d 974); but "if the employee is required to live on the premises either *by virtue of the contract of employment* or by reason of the nature of the employment any injury resulting from normal activities on the premises is compensable" (*Matter of Chapman* v. *Kiamesha Concord*, 15 A D 2d 618; emphasis supplied), our opinion in that case proceeding to the conclusion that "since claimant received room and board as part pay under the terms of the employment contract and lived in staff quarters provided by the employer explicitly for its employees, *claimant's residency as a practical matter was required*" (emphasis supplied). In this case, appellants concede that claimant received board and room "[a]s a part of his wages". Appellants' additional objection was not raised upon the application for board review and is not before us. (*Matter of Hedlund* v. *United Exposition Decorating Co.*, 15 A D 2d 973, mot. for lv. to app. den. 11 N Y 2d 646.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.