■ In the Matter of the Claim of JAMES GORE, Respondent, v. CITY OF OGDENSBURG, Respondent, and ST. LAWRENCE COUNTY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent. — REYNOLDS, J. Appeal by the carrier from a decision of the Workmen's Compensation Board awarding benefits to the claimant and holding that the employer was entitled to reimbursement from appellant for wages paid to claimant for the period March 30, 1961 to December 16, 1965 pursuant to subdivision 4 of section 25 of the Workmen's Compensation Law. On the evening of March 30, 1961 claimant, a paid fireman employed by the City of Ogdensburg, sustained a myocardial infarction which the board has found causally related to his employment activities. On August 29, 1961 claimant filed a claim for compensation but at the first hearing on the claim his attorney notified the Referee that a proceeding under section 207-a of the General Municipal Law had been commenced and accordingly the Referee disallowed the claim and marked the case closed. Thereafter claimant was held entitled to benefits under section 207-a and the employer was directed to continue claimant on the payroll, pay him his regular wages and pay all medical expenses incurred. The employer thereupon petitioned the Workmen's Compensation Board to reopen the case so that it might receive reimbursement pursuant to subdivision 4 of section 25 of the Workmen's Compensation Law. This request was granted and the Referee eventually concluded that the claimant had sustained an industrial accident, found notice and causal relationship and ordered reimbursement. Appellant then appealed this decision to the board on the ground that since it had no opportunity to participate in the proceeding involving section 207-a, the employer was in the instant case prohibited from obtaining reimbursement. This argument the board rejected and appellant has not directly urged it here. Instead appellant here while conceding the applicability of *Matter of Birmingham* v. *City of Niagara Falls* (282 App. Div. 970), urges nevertheless that the decision should be reversed because the medical proof contained in the record is insufficient to legally sustain an award and moreover that the employer has been guilty of laches. Neither of these arguments, however, were raised before the board and thus cannot be considered on this appeal for the first time (e. g., *Matter of Hedlund* v. *United Exposition Decorating Co.*, 15 A D 2d 973, mot. for lv. to app. den. 11 N Y 2d 646; *Matter of Galvez* v. *Gold Coast Enterprises*, 23 A D 2d 600; *Matter of Makowski* v. *Darling &*

*Co.,* 18 A D 2d 1120). Accordingly, the decision must be affirmed. Decision affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.