In the Matter of the Claim of EUGENE PELLAC, Respondent, v ATLANTIC BEACH CLUB et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 4, 1978

### APPEARANCES OF COUNSEL

*Weeks & Corn (Alan R. Corn* of counsel), for appellants.

*Seymour M. Custen* for Eugene Pellac, respondent.

*Louis J. Lefkowitz, Attorney-General (Henriette Frieder* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

### OPINION OF THE COURT

*Per Curiam.*

On this appeal, appellants seek to review a board decision filed March 7, 1973, which determined that claimant had complied with sections 18 and 28 of the Workmen's Compensation Law and a decision filed March 24, 1977. Because no record has been filed, and because appellants' brief and appen-

dix do not contain the papers relevant to the earlier decision, we limit our review to the 1977 decision.

The board's decision of March 24, 1977 granted appellants' application, pursuant to rule 17 of the board (12 NYCRR 300.18), to prosecute their appeal from the March 7, 1973 decision upon a shortened record, upon condition, however, that appellants would agree to limit the issues on the appeal to whether the board's decision was supported by substantial evidence. Refusing to agree, appellants appealed to this court from the decision. The Attorney-General then advised appellants that in prosecuting that appeal they would be required "to reproduce the entire record as set forth in the Full Record List." Thereafter, appellants' protest that adequate Appellate Division review could be obtained upon a record containing the papers considered by the board on the application to shorten the record was rejected. By motion, appellants then sought to have the appeal from the March, 1973 decision heard on a record to be settled by this court, which record would contain only those documents that pertain to the instant case (WCB No. 27108014), together with the additional minutes which the board had added to the shortened record at the Attorney-General's request. We denied the motion, pointing out that appellants' remedy was to prosecute its appeal from the March, 1977 decision. We noted that such appeal would be heard on the board's original files plus a brief and appendix containing the papers relating to the application for the shortened record.

Appellants then filed a brief, addressed not to the settlement issues, but to the issues decided in the board's March, 1973 decision, together with an appendix which contains only the papers submitted to this court on the motion seeking settlement of the record, which we had denied. Observing that the brief and appendix were not in compliance with the court's decision, as indeed they were not, the Attorney-General rejected service. Thereupon, appellants moved to compel him to accept service, and we granted the motion to the extent that we would consider the appeal from the March, 1977 decision on the brief and appendix filed. We also requested the Attorney-General to furnish the basis for the board's action in conditioning approval of a shortened record upon appellants' willingness to limit the issues to whether the board's findings were supported by substantial evidence.

Although we would otherwise be inclined to decide the

merits of this long-delayed appeal, neither appellants' nor respondent's appendix contains the proper and necessary papers for doing so. Accordingly, we limit our decision to the settlement decision.

The main issue on this appeal concerns the requirement that appellants must consent to the issues as framed by the Attorney-General and approved by the board before being permitted to prosecute their appeal on a shortened record. Appellants were obviously willing to accept the board's additions to the shortened record and refused to proceed only because of the condition imposed. Appellants' objection is based on the contention that rule 17 is invalid insofar as it permits an adversary and its attorney to control the contents of the record on appeal, and that, as between an appellant and respondent, this court is the ultimate body empowered to settle the record when a dispute exists between the parties as to its contents. The board, on the other hand, contends that it has "full discretion" in deciding whether to permit an appellant to proceed on a shortened record and that its conditioning approval upon appellant's consent to reframe the issues is not an abuse of discretion. We disagree.

In this case, the employer and carrier in applying for a shortened record advised: "The only issues which the carrier is raising on this appeal are the applicability of Sections 18 and 28". Since the only issues tendered on the claimant's appeal to the board were "whether or not the claim is barred pursuant to Sections 18 and 28 of the Workmen's Compensation Law", and, since the board's findings on those issues must, under well-known principles, be affirmed, if supported by substantial evidence, there appears to be no sound reason for the board's insistence that the issues on the carrier's appeal to this court be framed in terms of substantial evidence (*Matter of Kopec v Buffalo Brake Beam-Acme Steel & Malleable Iron Works,* 304 NY 65, 70-71). Surely the Attorney-General would not contend that the board may reasonably refuse to approve an otherwise adequate shortened record list solely because an appellant refuses to agree to his formulation of the questions to be reviewed by this court.

Furthermore it is obvious that appellants object less to the specific questions formulated in this case than to the challenged practice by which their adversary is permitted to control settlement of disputes as to the contents of a record on appeal, arguing that initially appellants should be permitted

to determine within appropriate limits the manner in which they present their case to this court, and that this court is the proper body to settle disputes between adversaries concerning contents of a record. We agree.

We have often held that we will not consider issues not raised in the application to the board for review of a Referee's decision *(Matter of Gore v City of Ogdensburg,* 29 AD2d 599; *Matter of Galvez v Gold Coast Enterprises,* 23 AD2d 600). Since the board's decision necessarily limits the scope of the issues for our review, and since our review of the board's findings of fact is limited to the question of substantial evidence, we find no reasonable justification for the practice approved by the board of conditioning approval of shortened-record applications upon giving consent to issues framed by the Attorney-General. We, therefore, find the board's decision to lack any reasonable basis and direct that the record be settled and certified in accordance with the board's decision of March 24, 1977, without the invalid condition which attempts to formulate the issues to be considered by this court.

The decision, filed March 24, 1977, should be modified, with costs to appellants against the Workmen's Compensation Board, by reversing so much thereof as finds that the issues to be considered by this court should be in the form set forth by the Attorney-General, and as grants the application for a shortened record on condition that the issues are accepted by appellants, and, as so modified, affirmed. Appellants' time to file and serve the record on appeal and a proper appendix with respect to the appeal from the decision filed March 7, 1973, should be extended to June 20, 1978.

MAHONEY, P. J., GREENBLOTT, SWEENEY, STALEY, JR., and MAIN, JJ., concur.

Decision, filed March 24, 1977, modified, with costs to appellants against the Workmen's Compensation Board, by reversing so much thereof as finds that the issues to be considered by this court should be in the form set forth by the Attorney-General, and as grants the application for a shortened record on condition that the issues are accepted by appellants, and, as so modified, affirmed. Appellants' time to file and serve the record on appeal and a proper appendix with respect to the appeal from the decision filed March 7, 1973 extended to June 20, 1978.