■ In the Matter of the Claim of JOHN MAMONE, Respondent, v CHARLES T. GRIEGE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workers' Compensation Board, filed July 21, 1978, which denied appellant's application for permission to proceed on their primary appeal upon a shortened record. The claim arose as the result of an accident on October 4, 1957 when the claimant, then 22 years of age, fell from a scaffold and as a result sustained numerous severe injuries which resulted in his unquestioned total and permanent disability. The claim was not controverted and the carrier has paid workers' compensation benefits and provided additional services from the outset. After restoral to the calendar and a hearing, the board modified the referee's decision on January 31, 1977 by awarding the sum of $94 a day for nursing services retroactive to July 13, 1974. Appellants filed a notice of appeal from this decision and thereafter applied for permission to proceed upon a shortened record pursuant to section 300.18 of the rules of the Workers' Compensation Board (12 NYCRR 300.18). The Attorney-General submitted a recommendation that some 13 items out of a total of 173 be included in the shortened record. The appellants rejected the suggestions on the ground that the disputed items concerned times and events prior to July, 1974, and the file was sent to the board for settlement. The board denied the application, finding that intelligent review of the issues would be better served by the addition of the disputed items. Appellants promptly appealed from that decision and here contend that the board erred as a matter of law in not holding a hearing upon the issue of the shortened record. We disagree. The appellants overlook the fact that 12 NYCRR 300.18 (d) was amended, effective September 1, 1976, so as to provide that the matter of a hearing was in the board's discretion. Appellants further contend that the board's denial of their application was arbitrary and an abuse of its discretion. Again we disagree. The 13 disputed items (11 single-page documents and

minutes of two short hearings) include, *inter alia,* medical reports and opinions concerning the claimant's physical and mental condition, projected courses of treatment, present and probable future needs, probable future requirements and alternate forms of care. Though these exhibits antedate the pertinent time period in issue, the board found that they should be included because the shortened record did not include sufficient medical evidence and background to permit proper review. At this juncture we cannot say that the board's conclusion was unreasonable, arbitrary or without support. In conclusion, we point out that appellants' reliance on *Matter of Pellac v Atlantic Beach Club* (62 AD2d 269) is misplaced. There the board attempted to condition its grant of approval of the shortened record upon the appellant's willingness to consent to the issues on appeal as framed by the Attorney-General. It attempted to dictate and control the language of the issue which is clearly not the situation here. Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.